## Albert W. Snow.    *Ex Parte.*

A person, arrested on a criminal charge of embezzling the funds of a bank to an amount of between seventy and eighty thousand dollars, was committed for want of bail in the sum of twenty-five thousand dollars; the punishment prescribed by statute for the offence being a fine not exceeding five thousand dollars, or imprisonment not exceeding five years, *held,* the bail required was not excessive, notwithstanding the prisoner had made an assignment of all his property to the bank.

This was an application, upon a writ of *habeas corpus,* to have the amount in which the petitioner was held to bail reduced.

Upon the return of the keeper of the County Jail, it appeared that the petitioner was confined in the Jail upon two commitments, the one for the criminal charge of embezzling the funds of the Mechanics and Manufacturers Bank, for which he was held to bail in the sum of $25,000; the other for a civil process in favor of said Bank, in which the damages were laid at $100,000. The facts admitted in this case were, that the petitioner was a defaulter to the Mechanics and Manufacturers Bank, of which he was the cashier, in the sum of between seventy and eighty thousand dollars, and that he had assigned to the bank all his property, to the amount, as it was said, of some forty thousand dollars.

Ames & Paine *for the petitioner said.* By the eighth section of the first article of the Constitution, it is provided that excessive bail shall not be required. By the

44th section of the act concerning crimes and punishments, the punishment for the offence, with which the petitioner is charged, is limited to a fine not exceeding $5000, or imprisonment not exceeding five years. The law (Chitty's Criminal Law, p. 99 and p. 102–3) is, that the bail should be proportioned to the pecuniary ability of the accused, and to the penalty, with which the crime of which he is accused is punished. The discretion of the magistrate does not go to the extent that by requiring bail in such an amount or in such a number of sureties as cannot be obtained, he may virtually refuse bail. This has been done in this case. The bail required is disproportionate to the offence and to the ability of the accused, he having denuded himself of all his property in favor of the bank. The object of bail is not simply to secure the attendance of the prisoner ; this could be better effected by refusing bail ; it is a privilege—a constitutional right of every citizen in a bailable offence—and this very case of excessive bail is one of the cases in which relief is provided by the act relative to writs of *habeas corpus*. The person bailed is not released ; he is in the custody of his bail, who can follow him anywhere and take him anywhere. In ordinary cases of this kind the magistrate might have some ground for requiring heavy bail ; he might say, the prisoner has committed a great fraud, has acquired large sums of money ; he is able to procure heavy bail ; and we will require such a sum as he will not forfeit. But to require it in this case, where the prisoner has made over all his property to the parties injured, would be virtually to say to such offenders, you had better not assign your property ; you will need it, when proceeded against criminally, to procure bail. The Court have no right to presume that he intends to get

his bail reduced so that he may escape. On the contrary, every act of his shows a disposition to retrieve his fault. He needs his liberty now to prepare his defence. It is said, this is not one, but many offences. The complaint upon which he is committed is for a single offence. If he has committed other offences he may be taken again and again, and held to bail again and again. The question here is, what ought to be the bail in a single case?

BRADLEY, *contra.* The sole object of requiring bail is to secure the attendance of the accused before the Court. This petitioner has gotten some $80,000 of the funds of the bank, and the question is, shall he be held to bail in a sum so small that he may forfeit it and go free? In a recent case in Massachusetts, where the defalcation was but about $100,000, the bail required was $60,000. Where the discretion of the Justices seems to have been fairly exercised, the Court will not interfere with it. It is said that the penalty for the crime is only $5000, or five years imprisonment. But that is for every separate offence. Here there have been many offences; and there may be many penalties of $5000, or many terms of five years imprisonment. If the bail is reduced on the ground that here is but a single charge, the only consequence will be that he will be taken and held on other charges—enough to secure him. Can there be a stronger case for requiring a large bail? This man has the funds of the bank in his hands. His assignment gives us but the legal title, not the actual possession, of his property. To diminish his bail is to hold out to him temptations to escape. The Court virtually says, "by forfeiting this small bail you may escape an endless punishment."

Albert W. Snow. *Ex Parte*.

*Per Curiam.*—This application is grounded upon the eighth section of the constitution, which says, " Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted ; and all punishments ought to be proportioned to the offence." The provision is almost identical with that in the Constitution of the United States, and all the States. Therefore the bail required in other States in similar cases, may be well considered. The language is not *high* bail, but excessive—that is, such an amount above what is reasonable as would show a palpable error of judgment or a disposition to oppress. The application here is to correct the judgment of a tribunal, vested with power by law to decide in such cases, and this Court will not disturb their judgment, unless they appear to have overstepped the bounds of a reasonable discretion. The charge is of embezzling the funds of the bank—an offence made larceny by the statute, and punished with a fine not exceeding $5000, or imprisonment not exceeding five years. It is an offence which strikes deep in its effect upon the community—upon the currency and the credit of the banks of the State. It is said the fine is only five thousand dollars ; but there is another punishment of five years imprisonment. If you look only to the fine and determine the bail by that, the defaulter for fifty thousand dollars has only to pay over his five thousand and escape with the remaining forty-five thousand. The bail required ought to be such as will afford a reasonable security that the prisoner will abide the sentence of the Court, should he be found guilty. If a man has fifty thousand dollars, and only five thousand is demanded, it would afford no security. The means of the accused should be considered. This applicant is charged

with embezzling sums to the amount of fifty thousand dollars, and we do not think it would be exercising a sound discretion to reduce his bail. It is said that he has made an assignment ; but how much he has surrendered does not appear. He may make an assignment and keep back the funds.

Motion denied.