219 A.2d 570.

ANTHONY A. QUATTROCCHI *vs.* HAROLD V. LANGLOIS, *Warden.*

MAY 16, 1966.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. The principal question presented here is whether the petitioner has a constitutional right to bail pending his appeal to this court from a conviction of manslaughter. This is a question of first impression in this state.

In his petition for a writ of habeas corpus petitioner, now confined at the adult correctional institutions pending his appeal from a conviction of manslaughter, prays that he be admitted to bail pending such appeal. The writ issued and pursuant thereto a return was filed and the pertinent records relating to the indictment have been certified to this court by the clerk of the superior court.

It appears from the record that after having been found guilty by a jury on June 3, 1965 on an indictment charging manslaughter the petitioner filed a motion for a new trial which was denied. On June 30, 1965 he was sentenced to a term of 18 years and on the same day, after the imposition of the sentence, he made an oral motion through his counsel requesting the trial justice to set bail so that he might be admitted to bail pending appeal.

It appears from the record that petitioner was then serving another sentence which would not expire sooner than October 1965. In view of this, since petitioner would not be prejudiced thereby, the trial justice continued decision of petitioner's motion until September 22, 1965 to afford counsel an opportunity to assist the court on the question of bail. He also stated that if petitioner felt it was necessary to get an earlier decision and he, the trial justice, was not available, petitioner could bring the matter up before some other justice of the superior court. Within the statutory period petitioner prosecuted a bill of exceptions to this court from his conviction of manslaughter.

On September 22, 1965, after hearing argument of counsel, the trial justice denied petitioner's motion to set bail. We have the transcripts of the June 30 and September 22, 1965 hearings.

In his return respondent sets forth the travel of petitioner's case from the time of his conviction to the time of his committal to respondent's custody by virtue of the mittimus issued by the superior court after petitioner was sentenced to serve a term of 18 years and also up to the time of the denial of his motion to set bail. In addition the return contains a detailed recital of petitioner's prior criminal record[1] and a description of the crime for which petitioner was convicted and sentenced to serve a term of 18 years as "a crime of great violence." The return also alleges that on June 17, 1965, while being transported in the sheriff's van from the adult correctional institutions to the superior courthouse in Providence for the purpose of being present during the hearing on his motion for a new trial, petitioner assaulted and kicked another prisoner.

The petitioner contends that his constitutional rights, both state and federal, have been violated and that his statutory rights under G. L. 1956, §12-19-1, have been denied by the refusal of the trial justice to set bail. The respondent, on the contrary, argues that petitioner has neither a statutory nor a constitutional right to be admitted to bail pending an appeal from a conviction.

We shall first consider the question whether under our

---

[1]"4. That the criminal record of the petitioner indicates that on October 24, 1961 he received a deferred sentence on a charge of carrying a concealed weapon (Ind. 30743); that on June 2, 1961 he was fined in the Sixth District Court for unlawfully discharging fireworks; that on February 24, 1962 he was fined on a charge of failing to reduce speed; that on March 14, 1962, three indictments were returned against him charging him with breaking and entering in the nighttime (Inds. 31328, 31329, 31330); that on May 8, 1962 two indictments were returned against him for breaking and entering in the nighttime (Inds. 31331, 31332); that on July 20, 1962 on Inds. 30743, 31328, 31329, 31330 and 31331 he received sentences of one year on each indictment, to run concurrently; that on Ind. 31332 his sentence was deferred; that on February 17, 1964 he received a two year sentence for violation of the deferred given him on Ind. 31332. (The violation was the subject of the instant indictment.) The sentence expired on November 12, 1965."

state constitution a defendant convicted of a felony has a right to have bail set pending an appeal to this court. No federal question is involved here—petitioner rests his claim to a constitutional right to bail pending appeal on the following portion of art. I, sec. 9, of our state constitution:

> "All persons imprisoned ought to be bailed by sufficient surety, unless for offenses punishable by death or by imprisonment for life, when the proof of guilt is evident or the presumption great."

The petitioner contends in substance that since art. I, sec. 9, makes no mention of "before or after trial," a liberal construction of the words "ought to be bailed" requires that we interpret the pertinent provision to apply after conviction as well as before. We cannot agree with petitioner's argument on this issue. We hold that a defendant convicted of a felony does not have a right under our state constitution to have bail set pending a review of his conviction. The pertinent language of art. I, sec. 9, refers only to those cases in which the accused has not yet had a trial and does not confer a right to bail pending appeal from a conviction. This view is supported by the overwhelming weight of authority in this country in applying substantially similar constitutional provisions. See annotations in 19 A.L.R. 807 and 77 A.L.R. 1235 for a thorough discussion of cases involving the question of constitutional right to bail pending appeal from conviction.

Historically the right to bail before trial rested on the presumption of innocence of one accused of crime and eventually the concept of bail was developed. Although many reasons have been advanced for requiring accused persons to post bail before conviction, the primary purpose was to assure the presence of the accused in court for trial. See *Carbo* v. *United States,* 82 S. Ct. 662 (1962). See also *Benoit* v. *Langlois,* 96 R. I. 129, 189 A.2d 805. No sound reason has been advanced for extending this right after conviction. As the court said in *Ex Parte Voll,* 41 Cal. 29,

which involved a conviction of manslaughter and constitutional provisions[2] as to bail similar to ours:

"* * * We are of opinion that the Constitution, in declaring bail to be a matter of right, contemplated only those cases in which the guilt of the party had not been already judicially ascertained; cases in which the prisoner as yet stood upon his plea of not guilty, supported with all the presumptions of innocence with which the law delights to surround him. But when his trial has been had, and his plea proven false, the law will not stultify itself by presuming him other than it has itself adjudged him to be. If the Constitution, indeed, intended to introduce the rule of absolute right to bail, as well after as before conviction of such felonies, it would result that no convict could be punished for his ascertained crime if he had either wealth or friends; for no mere pecuniary considerations could weigh against the alternative of a degrading imprisonment, at hard labor, for a crime involving moral turpitude. It would operate in practice as a mere money commutation for the infamous corporeal punishment which the law has denounced against the perpetration of crime.

"The literal interpretation insisted upon—following, as it does, the mere words of the Constitution—would not only entitle the prisoner to bail, pending his appeal taken, but would have done so had he not taken an appeal at all. In this view it was unnecessary for him to have stated, as he has done in his petition, that he had appealed from the judgment of conviction, because, upon the literal reading of the Constitution, upon which he insists, that is not a condition imposed upon his right to bail; it is one which is only to be found in the statute, which he seems, however, to have so far observed, even while coming here to assail its constitutionality. Indeed, upon the interpretation here insisted upon, the right to object would still belong to the prisoner, even if it had appeared in the petition that his appeal was no longer pending here, but that the judgment of the Dis-

---

[2]"All persons shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident, or the presumption great." Art. 1, §7, Constitution of California.

trict Court had been affirmed in this Court, because it will be seen that the mere words of the Constitution have not, for this purpose, announced any distinction between cases in which judgments have been already affirmed and cases yet pending on appeal. In either case, or, indeed, in any other conceivable case in which an offense less in degree than capital should be involved, the absolute right to bail must, upon this theory, be accorded to every prisoner; at least, so long as the phrase 'all persons' is sufficiently comprehensive to include him, he must continue to be 'bailable by sufficient sureties.' A construction leading to such consequences cannot be supposed to have been intended by the framers of the Constitution, and, in our opinion, ought not to be attributed by us to that instrument."

Although the presumption of innocence disappears after a conviction, or, as some courts say, it becomes merged in the conviction and therefore the conviction deprives the defendant of the protection of such presumption, see *Nichols v. Patterson,* 202 S. C. 352, many states, including ours, provide by statute for bail pending an appeal from a conviction. General laws 1956, §12-19-1, reads as follows:

"In any criminal case tried in the superior court in which a verdict of guilty is rendered the attorney-general may, at any time after the motion for a new trial, if made, is denied, move for sentence, and the court shall forthwith proceed to sentence such person, but nothing herein shall be deemed to deprive such person from prosecuting a bill of exceptions in accordance with the statutes in such case made and provided, and any person so sentenced may be released upon bail after this filing of written notice of his intention to prosecute a bill of exceptions and upon giving a recognizance with sufficient surety or sureties before said court, in such sum as said court shall deem reasonable, to appear before said court to abide the final order or orders of said court or the supreme court, and the giving of such recognizance shall act as a supersedeas of said sentence until said bill of exceptions be abandoned, denied, overruled or otherwise disposed of in accordance with the statutes in such cases made and provided."

Under §12-19-1, the right to admission to bail pending an appeal from a conviction rests in the discretion of the court. After deciding that petitioner did not have a constitutional right to bail pending appeal from his conviction and after carefully considering all the circumstances surrounding petitioner, including his prior criminal record, the nature of the crime which was the subject matter of the instant case, the fact that he no longer enjoyed the benefit of the presumption of innocence, his general reputation, and the contents of the presentence report, the trial justice, exercising his discretion under the statute, denied petitioner's motion for bail.

The petitioner contends in substance that the trial justice, in denying such motion, abused his discretion and acted capriciously. In the circumstances he argues that we should, in the exercise of our discretion, grant the motion. Even though this is an independent petition to this court, the decision of the trial justice is entitled to great weight if it is supported by competent evidence of probative force respecting the factors to be considered in determining whether he should have allowed petitioner to be free on bail pending his appeal. *City of Sioux Falls* v. *Marshall*, 48 S. D. 378. See 45 A.L.R. 458 for a general discussion of the problem of statutory right to bail pending appeal.

After carefully examining the record in this petition we cannot say that the trial justice abused his discretion. Indeed a reading of his decision in its entirety indicates that he performed his duty with great care in arriving at his ultimate decision on the motion. *State* v. *Wilson*, 235 Minn. 571, does not help petitioner. The rule in these cases is well established.

As the court said in *City of Sioux Falls* v. *Marshall, supra,* at page 391:

> "I think the court is also entitled to, and should, consider, in so far as it is made to appear, the general record, character, and reputation of the defendant as in-

dicating, not only the probability of his appearance at the proper time, but also what is likely to be his course of conduct during the period of his liberty on bail. Granting the inherent constitutional right of the citizen to liberty, and granting the general principle that incarceration prior to final conviction is not consonant with our ideas of justice when there is probable cause for appeal, nevertheless a particular defendant may have so conducted himself as to have forfeited the benefit in his particular case of the application of those principles which ordinarily would be sufficient in themselves to justify the granting of bail to one who previously had been of good conduct and reputation. The matter of bail in these cases is not a matter of strict legal right, but of legal favor, to be granted or denied, as justice, both to the defendant and to society, may demand. Organized society has a right to be reasonably assured that, if bail is granted, the defendant will not only be forthcoming to abide his punishment if convicted, but will properly conduct himself in the meantime."

The difficulty arises in the application of the rule, but experience shows that each case must be decided on its own facts. It will serve no useful purpose to repeat the pertinent facts in this record. Suffice to say that on the basis of this record we are constrained to dismiss the petition.

The petition for habeas corpus is denied and dismissed, the writ heretofore issued is quashed, and the petitioner is remanded to the custody of the respondent warden.

*Leo Patrick McGowan,* for petitioner.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Assistant Attorney General, for respondent.