**309 A.2d 128.**

STATE *vs.* ROBERT J. WELCH.

AUGUST 28, 1973.

PRESENT: Roberts, C. J., Paolino, Kelleher and Doris, JJ.

PAOLINO, J. In September, 1971 the defendant was indicted for breaking and entering a dwelling without the consent of the owners. He pleaded not guilty. The jacket entries indicate that following the plea of not guilty the defendant filed various motions in the Superior Court which were heard and disposed of in that court.

On August 15, 1972, defendant, represented by the public defender, and as a result of certain statements made to him by an assistant public defender, appeared before a justice of the Superior Court, retracted his plea of not guilty and pleaded nolo. The defendant was then serving a seven-year sentence at the Adult Correctional Institutions for a robbery.

The defendant's counsel in open court stated that defendant wished to withdraw his plea of not guilty and plead nolo. The defendant was 39 years of age at the time of this hearing.

Prior to acting on the motion to withdraw the trial justice carefully questioned defendant in the presence of his counsel to ascertain whether defendant was acting voluntarily, whether he was fully aware of the nature and consequences of a nolo plea, and whether he was knowingly confessing his guilt and waiving certain constitutional rights. He specifically asked defendant if he knew that a plea of nolo was tantamount to a plea of guilty; that by pleading nolo he was giving up his right to trial by jury and to have the state come in and prove him guilty beyond a reasonable doubt; that he was giving up his right to have the state put witnesses on the stand and to confront them, and his own right to present witnesses in his own behalf; and that there was no appeal from any sentence he imposed in this case.

After receiving an affirmative reply to these questions and after ascertaining from defendant that the facts concerning the breaking and entering charge against him were

as set forth by the prosecutor, the trial justice permitted defendant to substitute a plea of nolo for his prior plea of not guilty. It is clear that in so ruling the trial justice was satisfied that defendant was fully informed and advised about what he was doing and that he was acting voluntarily and intelligently in pleading nolo for the breaking and entering charge.

The prosecutor then recommended that defendant be sentenced to 18 months to be served concurrently with the term defendant was then serving on a violation of a suspended sentence on Indictment No. 33043. The defendant's counsel joined in this recommendation saying, in part, "* * * I don't believe we should keep a sword over his head as we have in the past."

After asking for defendant's record, the trial justice said that he did not agree with defendant's counsel's position that the state should not have a hold on defendant when his present term expired but that, in view of the prosecutor's recommendation insofar as the term was concerned, he would sentence defendant to 18 months in the Adult Correctional Institutions and would suspend the sentence, put him on probation for a term of three years, the probation to commence at the termination of his present prison term, or at the end of his parole, whichever came later.

The defendant's counsel immediately made an oral motion to withdraw the nolo plea. The following colloquy took place between the trial justice, defendant and defendant's counsel:

"Mr. Lauria: Your Honor, if it is possible, I move to withdraw the nolo plea.

"The Court: I would say it is not. He indicated to the Court the Court could sentence him.

"Mr. Lauria: Yes, Your Honor, I was aware of that, but at the same time there had been consultations with the Attorney General's Department.

"The Court: Agreed. These don't bind the Court. There would be no problem at all right now in the present state of affairs to sentence him to five years in the A.C.I. to be consecutive with the sentence he is presently serving. It seems to me that the sentence I have just given him is a very lenient sentence when we realize the disposition that could be made in this matter. I think the disposition is fair, the disposition is proper. I will deny your motion to withdraw.

"The Defendant Welch: I don't want this, this is how I got into prison. Now the Attorney General promised he would talk to the Judge and because the Judges usually go along with them, I took it to be gospel. Now you are turning around.

"Mr. Lauria: Let me explain something. We did not discuss this with His Honor, this was the Attorney General's recommendation, and that's what I told you downstairs what he recommended. He did recommend it. I had no idea that the Judge would not go along with it.

"The Defendant Welch: I did not accept probation, I think it is terrible to promise a man something like this and then go back on your word.

"The Court: The Attorney General is not the Court; no one can bind the Court.

"The Defendant Welch: That is why he got my plea, it is up to you to back his word as a Judge."

On August 18, 1972, defendant filed, pro se, a paper addressed to the justice who had sentenced him reading in part, as follows:

"Please be advised that I appeal the probationary sentence of 18 months, suspended, as imposed on the above cited date. Please accept this letter as a Notice to file a Bill of Exceptions to the Supreme Court."

On August 22, 1972, defendant filed, pro se, another paper in the Superior Court, which contained four separate motions: The only one which is pertinent here is the motion entitled: "Motion For An Evidentiary Hearing On The Tainted Plea Of Guilty."

Then, on August 24, 1972, the public defender's office filed, on behalf of defendant, a motion to vacate the sentence imposed on August 15, 1972, and to reassign the case for trial. This motion contains the following allegations:

"The defendant states that based on representations made to him by his attorney, after a conference on this matter with a representative of the Attorney General's Department, that he relied on the promises made to him thereby being induced to plea.

"* * * and that said promises were not fulfilled in that the sentence he had expected to receive was not the same sentence which he did in fact receive * * *."

The motions were set down as two separate motions, to be heard as two separate motions. The motion to vacate, which the public defender's office filed, was heard on September 20, 1972, before the justice who had sentenced defendant and was denied. An appeal from the denial of that motion was filed on October 2, 1972. The motion for an evidentiary hearing was heard before a different judge on November 28, 1972, and was also denied and an appeal from this denial was filed on December 11, 1972. For convenience we shall discuss the hearings on these motions separately.

We address ourselves first to the September 20, 1972 hearing on the motion to vacate filed by the public defender's office. The defendant was present at this hearing. As previously stated this motion was heard before the same justice who sentenced defendant at the August 15, 1972 hearing. His counsel argued that defendant had pleaded nolo because he thought that in some way he had assured defendant that he would get the sentence that was to be recommended by the prosecutor and that the latter had assured him, the assistant public defender, that that was the sentence that would be recommended. He conceded that the prosecutor had kept the promise he made during the plea bargaining negotiations.

The prosecutor then addressed the trial justice. He admitted that his department had promised to recommend an 18-month sentence to run concurrently with the sentence defendant was then serving, but he explained the recommendation was made on what the state thought defendant should receive, not what he would receive. He also said that the department had lived up to its part of whatever plea bargaining was done. He pointed out that the court did not participate although it was advised in chambers of what the department would recommend. The prosecutor did point out, however, that although he did not recall what the court's remarks were at that time, he did recall definitely that there was no guarantee.

In passing on defendant's motion the trial justice said that he gave great weight to the recommendation of the attorney general, but that he never told counsel that he would accept the recommendation without qualification. He also said that he was satisfied that there could have been no doubt in defendant's mind as to what was transpiring and that in view of the extensive record of defendant, it was a lenient disposition — fair to him and fair to the state. He concluded that no good cause was shown why he should allow the nolo plea to be withdrawn and have the matter reinstated for trial. Accordingly, he denied defendant's motion to vacate. The defendant thereupon orally requested an evidentiary hearing. The trial justice then noted defendant's exception to his denial of defendant's motion.

The hearing on defendant's motion for an evidentiary hearing took place on November 28, 1972, before another justice in the Superior Court. The defendant was also personally present at this hearing and was still represented by the public defender as counsel. The defendant, pro se, as well as his counsel, stated that although the motion to vacate was heard before another justice, defendant never

had an evidentiary hearing and, therefore, he did not have enough of a record for the Supreme Court to review. After discussing the prior travel of this case, the trial justice denied the motion for an evidentiary hearing on the motion to vacate the plea of nolo on the ground that "By asking the Superior Court again now to grant Mr. Welch an evidentiary hearing, that amounts to a review of Superior Court action by the Superior Court, itself, * * *" which it had no jurisdiction to do.

As we have indicated in discussing the travel of this case, there are two appeals pending in this court, namely, (1) the appeal filed on October 2, 1972, from the denial of defendant's motion to vacate, and (2) the appeal filed on December 11, 1972, from the denial of the motion for an evidentiary hearing. The defendant has, however, briefed and argued only the appeal from the denial of his motion for an evidentiary hearing. For reasons not disclosed in this record he has not briefed and argued the appeal from the motion to vacate. Although ordinarily we would consider such failure to be a waiver of an appeal, we believe that in the circumstances of this case, since all the pertinent records are here, we should treat this proceeding as a petition for a writ of certiorari and consider the questions raised by both appeals. We do this, however, with the understanding that our action here is not to be considered precedential.

## I

We consider first defendant's appeal from the denial of his motion for an evidentiary hearing. This motion is in effect asking one justice of the Superior Court to review and reverse an alleged error by another justice of that court.

The trial justice who heard the motion for an evidentiary hearing held that she did not have the authority to grant defendant's motion. That the trial justice was correct in

so ruling is so well established as to require no extended discussion or citation of authority other than to repeat that under our law the Superior Court has no authority to review its own alleged error of law.

## II

We come next to defendant's appeal from the denial of his motion to vacate by the justice who sentenced him on August 15, 1972. Initially we note our agreement that in a proper case the Superior Court is the place for an evidentiary hearing to resolve conflicting fact issues. *Harris* v. *Langlois,* 100 R. I. 196, 212 A.2d 715 (1965); *Lonardo* v. *Langlois,* 98 R. I. 493, 205 A.2d 19 (1964). It seems to us that in the case at bar the record does not support defendant's claim that it becomes necessary for him to have such a hearing in the Superior Court so that he may, in fact, appeal the denial of his motion to vacate with a substantial record. We say this because after a careful reading of the entire record we are satisfied that the real issue raised by this appeal is whether defendant met his burden of establishing by a fair preponderance of the evidence that he did not voluntarily, intelligently, and intentionally waive his right to jury trial, to have the state prove the charge against him beyond a reasonable doubt, to confront the witnesses presented against him, and to present witnesses in his own defense. *Harris* v. *Langlois, supra* at 199, 212 A.2d at 716-17. All of the facts necessary for a determination of this issue are present in the transcript of the hearings held on August 15, 1972, September 20, 1972, and November 28, 1972. Before discussing the pertinent facts disclosed by those transcripts we shall refer briefly to the cases on which defendant relies.

*Santobello* v. *New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) is clearly distinguishable factually from the case at bar. The petitioner in *Santobello,* after negotiations with the prosecutor, withdrew his previous not-

guilty plea to two felony counts and pleaded guilty to a lesser included offense after the prosecutor agreed to make no recommendation as to sentence. At petitioner's appearance for sentencing many months later a new prosecutor recommended the maximum sentence, which the judge, who said that he was uninfluenced by that recommendation, imposed. The petitioner attempted unsuccessfully to withdraw his guilty plea, and his conviction was affirmed on appeal.

The United States Supreme Court held that the interests of justice and proper recognition of the prosecution's duties in relation to promises made in connection with "plea bargaining" required that the judgment be vacated and that the case be remanded to the state courts for further consideration as to whether the circumstances require only that there be specific performance of the agreement on the plea, in which case the petitioner should be resentenced by a different judge, or the petitioner should be afforded the relief he seeks of withdrawing his guilty plea. The Court further stated that

> "* * * when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Id.* at 262, 92 S.Ct. at 499, 30 L.Ed.2d at 433.

*Hilliard* v. *Beto,* 465 F.2d 829 (5th Cir. 1972), which also involved a promise by a prosecutor, is, like *Santobello,* clearly distinguishable factually and not in point.

It is undisputed that in the case at bar the prosecutor kept his promise to recommend an 18-month sentence to run concurrently with the sentence defendant was then serving. Although the record shows that the trial justice was apprised that the prosecutor had promised to make such a recommendation, there is no claim here that the trial justice agreed in any way to comply with the prosecutor's recommendation.

We believe that what actually happened here is succinctly stated by defendant's counsel at the September 20, 1972 hearing where he said:

"* * * but I do know, your Honor that this man pleaded nolo because I think in some way I had assured him that he would get the sentence that was to be recommended by the Attorney General and the Attorney General had assured me that that was the sentence that would be recommended to your Honor."

This brings us to the real issue in this case, namely, has the defendant met his burden of establishing that he did not voluntarily, intelligently, and intentionally waive his right to jury trial, to have the state prove the charge against him beyond a reasonable doubt, to confront the witnesses presented against him, and to present witnesses in his own defense. *Harris* v. *Langlois, supra.* The controlling standard in determining whether there has been a valid waiver, is, as enunciated in *Johnson* v. *Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466 (1938), whether there has been "an intentional relinquishment or abandonment of a known right or privilege." *See Cole* v. *Langlois,* 99 R.I. 138, 142, 206 A.2d 216, 218 (1965). In determining this question we look to the total record.

The record indicates that defendant's decision to change his plea from not guilty to nolo was an intentional and intelligent action on defendant's part. However, the troublesome question here is whether his action was voluntary in the sense that it was an exercise of his free will and judgment. It is clear that defendant's decision to plead nolo was based on his counsel's statement to him that the prosecutor would make a certain recommendation and on defendant's belief that the sentencing judge would follow such recommendation. In such circumstances was defendant's action really voluntary?

In *People* v. *Gilbert,* 25 Cal.2d 422, 154 P.2d 657 (1944), the court ruled that, while mere advice or assurances of

counsel as to a light sentence will not vitiate his client's guilty plea, a contrary rule should prevail if the counsel's statement amounts to an unqualified representation that some responsible state official such as a judge or a prosecutor has entered into a bargain to commit the state to give the defendant a lesser punishment than he might otherwise receive, in exchange for a plea, provided such representation is corroborated by the acts or statements of the responsible state official and there is a bona fide reliance thereon by the defendant. The active participation of the state, said the Court, precludes the exercise of the defendant's free will. Similar views have been expressed in *United States ex rel. Thurmond v. Mancusi,* 275 F.Supp. 508 (D.C.E.D.N.Y. 1967); *Costello v. State,* 260 So.2d 198 (Fla. 1972); *State v. Rose,* 440 S.W.2d 441 (Mo. 1969).

Here, it is conceded that the assistant attorney general in charge of Welch's case had agreed to recommend the 18-month concurrent sentence. On the record before us and with the Gilbert rule as our guide, we hold that Welch's plea was not freely given. Plea bargaining is an accepted fact of life in the administration of criminal justice. It is essential that the defendant be fully apprised of the commitments made to him as the result of the discussions held by the Court, the prosecution and his own counsel. In vacating Welch's plea it should be stressed that bargaining made by the prosecution and defense counsel has no permanence unless the bargaining bears the approval of the sentencing judge.

Treating this proceeding as a petition for certiorari, the petition is granted, the decision of the trial justice denying the defendant's motion to vacate is quashed, and the papers are remitted to the Superior Court for further proceedings in accordance with this opinion.

Justice Joslin did not participate.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, for plaintiff.

*William F. Reilly,* Public Defender, *Emanuel J. Lauria,* Asst. Public Defender, for defendant.