334 A.2d 208.

STATE *vs.* VINCENT VAN NARDONE, JR.

MARCH 11, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

364

PAOLINO, J. The facts in this case are set forth in *Nardone* v. *Mullen*, 113 R. I. 415, 322 A.2d 27 (1974), and need not be repeated here. In that case we held that the defendant's plea of nolo contendere, once accepted, was the same as a plea of guilty and jeopardy attached.[1] We did not, however, decide whether the Superior Court was foreclosed by double jeopardy or other principles from vacating the deferred sentence imposed upon the defendant in reliance on his misrepresentations to the trial justice that he "[had] not been before a court and [had] no record of conviction," and then imposing a more severe sentence. The situation here is one in which the state, rather than the defendant, moved to vacate the sentence.

As we pointed out in *Nardone* v. *Mullen, supra*, the question is one of first impression in this state. Although it raises issues of fundamental importance to a due and proper administration of criminal justice, it was neither raised nor argued by defendant. Nor was it adequately briefed or argued by the state. In the circumstances, we directed the parties to rebrief and reargue the question. They have done so and this narrow question is now before us.

The state argues that a deferred sentence procured by an accused's fraudulent representations will not support a claim of double jeopardy. The defendant, on the other hand, argues that the trial justice was barred, after jeopardy attached, from vacating the deferred sentence and imposing a more severe sentence. He contends that he has no

---

[1]That portion of the fifth amendment to the Constitution of the United States which provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb," is made obligatory upon the states by the fourteenth amendment. *Benton* v. *Maryland*, 395 U. S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The double jeopardy provision of the state constitution read until recently: "No person shall, after an acquittal, be tried for the same offense." R. I. Const. art. I, §7. It now reads: "No person shall be subject for the same offense to be twice put in jeopardy." R. I. Const. amend. XL (adopted November 6, 1973).

affirmative burden to furnish the state with information which may disadvantage him before the law. The defendant's latter argument misstates the issue raised by this appeal. The facts in this case show that defendant did not idly or inadvertently allow misinformation to be presented to the trial justice. On the contrary, the facts show that he actively perpetrated a fraud on the court by lying to his counsel who, in reliance on defendant's misrepresentation, inadvertently misrepresented the truth to the trial justice regarding defendant's past record.

The parties have furnished us with no case precisely in point; nor have we in our own research found any such case, that is, a case wherein a court vacated a deferred sentence upon the state's motion and imposed a more severe sentence because of fraud perpetrated upon the court in the procurement of the deferred sentence.

Consequently, we turn our attention to the historical development of the interpretation of the Double Jeopardy Clause of the fifth amendment in order to situate the interests presented in the instant case.

The common-law pleas of *autrefois acquit* and *autrefois convict* had as their objective the absolute bar of a second trial.[2] This policy was so strong that upon conviction for a felony there could be no writ of error and request for new trial by the defendant. *See United States* v. *Gilbert,* 25 F. Cas. 1287 (No. 15204) (C.C.D. Mass. 1834). The harshness of this principle was partially alleviated in England by securing pardon from the crown. *See United States* v. *Harding,* 26 F. Cas. 131 (No. 15301) (C.C.E.D. Pa. 1846).

After the adoption of the fifth amendment in the United States, an early circuit court opinion, following the English precedents of prohibition, refused to grant a second trial even for a defendant. *United States* v. *Gilbert, supra.* In that opinion the justice noted that although the result might

---

[2] 2 Hawkins, *A Treatise on the Pleas of the Crown,* 515-29 (8th ed. 1824).

prove harsh, such finality would make the trial court particularly cautious. This construction of the fifth amendment was rejected by the Supreme Court in *United States* v. *Ball,* 163 U. S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896). *Ball* also served to correct any imbalance in favor of the defendant at the expense of public interest. Therein, the Court stated

> "* * * it is quite clear that a defendant, who procures a judgment against him upon an indictment to be set aside, may be tried anew upon the same indictment, or upon another indictment, for the same offence of which he had been convicted." *Id.* at 672, 16 S.Ct. at 1195, 41 L.Ed. at 303.

The predominant theory proffered as an explanation of the constitutional derivation of the *Ball* doctrine is that the defendant has "waived" the protection against being retried for the same offense which the former judgment afforded him. The waiver theory has obvious defects.[3] A more satisfactory theory is that jeopardy properly may be thought of as continuing through the final settlement of any one prosecution. Thus, an unappealed conviction would by its finality bar a new proceeding, but the correction of error upon appeal may be viewed as a continuation of both the jeopardy and the proceeding from which it arises. This interpretation comports with the framers' intent to provide a broad standard of protection for the criminal defendant within the context of what constitutes substantial justice.

This standard has been followed in many cases. In *United States* v. *Perez,* 22 U. S. (9 Wheat.) 579, 6 L.Ed. 165 (1824),

---

[3]A waiver rationale states the conclusion without explaining the reason for it. Any defendant, if given a choice, would prefer to have his cake and eat it. Futhermore as Justice Holmes (dissenting opinion) stated:

"[I]t cannot be imagined that the law would deny to a prisoner the correction of a fatal error, unless he should waive other rights so important as to be saved by an express clause in the Constitution of the United States." *Kepner* v. *United States,* 195 U. S. 100 at 135, 24 S.Ct. 797, 807, 49 L.Ed. 114, 127 (1904).

the United States Supreme Court held that the failure of the jury to agree on a verdict does not bar retrial of the defendant whenever there is a manifest necessity for the act, or whenever the ends of justice would otherwise be defeated.

This formulation consistently adhered to in subsequent decisions, abjures the application of any mechanical formula. As was noted in *United States* v. *Jorn,* 400 U. S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971), a criminal trial even in the best of circumstances is a complicated affair to manage. The proceedings are dependent in the first instance on the most elementary sort of circumstances; that is, the health of various witnesses, parties, attorneys, jurors, etc., and to prohibit retrial absolutely would be too high a price for society to pay. In still another context it is a generally accepted principle that a plea of double jeopardy cannot be based upon a void judgment. *McCleary* v. *Hudspeth,* 124 F.2d 455 (10th Cir. 1941). Similarly, where there is lack of jurisdiction, no jeopardy attaches to the plea. *United States* v. *Grabina,* 309 F.2d 783 (2d Cir. 1962). In *Grabina* the court lacked jurisdiction to impose the fourth sentence. The defendant contended that he was placed in jeopardy for the same offense. The court rejected this argument stating that a void sentence could not place him in jeopardy.

With the above exceptions in mind, we turn to the case at bar. We assume, without deciding, that a sentence once imposed after conviction cannot be increased because of the bar of double jeopardy. The sentence in the instant case, however, was void since it was procured through fraud. This conclusion is consistent with the *Ball* and *Grabina* doctrines, as well as with cases on the effect of fraud on judgments. While the fraud cases are not directly on point, their rationale is applicable to the case at bar.

Where a former conviction by a plea of guilty was, by reason of fraud or collusion, a sham proceeding engineered by the accused for the purpose of defeating a subsequent

prosecution, and resulted in the accused's procurement of an inadequate penalty, the cases have generally held that double jeopardy would not constitute a bar to the second prosecution of the accused for the same offense. *See* Annot., 75 A.L.R.2d 691 (1961).

In *People* v. *Woods,* 84 Cal. 441, 23 P. 1119 (1890), the trial court allowed a defendant after her conviction for grand larceny to withdraw her plea of not guilty to the indictment and enter a plea of guilty to petit larceny. The court then entered judgment and imposed a sentence. Upon discovery of the defendant's fraud, the court set aside the conviction of petit larceny and resentenced the defendant for grand larceny. The court held that the defendant could not successfully interpose a defense of former jeopardy where the defendant perpetrated a fraud on the court. The law does not contemplate that a party should orchestrate his own conviction and sentencing. To countenance such a result would furnish to any defendant the means of escaping in whole or in part the punishment which his offense merited and enables him to make a travesty of criminal prosecutions.

In *Sole* v. *Rundle,* 435 F.2d 721 (3d Cir. 1971), which presented issues almost identical to those in the instant case, the court held squarely that the lower court's revocation of a petitioner's suspended sentence and imposition of a substantial prison sentence neither constituted double jeopardy under the fifth amendment nor contravened due process requirements of the fourteenth amendment when the petitioner had misrepresented material facts at the time of the imposition of his sentence. Sole, facing numerous felony charges, waived a jury trial and was found guilty by a judge, who then imposed a jail term which was to be followed by probation. Prior to his actual incarceration the defendant applied to the court for 30 days to attend to his seriously ill wife and other pressing family and personal

business. After a hearing, the court granted his application. Sole took his 30-day stay, timely reported, and was duly committed, whereupon he immediately petitioned for an early parole, advancing as grounds the pressing family circumstances. The judge, duped into believing that Sole had been truthful with the court from the start, granted the petition for parole. Well over a year later, the District Attorney learned that Sole had misrepresented material facts to him regarding his past activities. This information was then brought to the court's attention. For our purposes it suffices here to say that the former sentence was revoked and a larger one imposed. Sole petitioned for habeas corpus to the United States District Court which denied his petition. Sole alleged substantially the same grounds in support of his petition for a writ of habeas corpus as defendant advances in the instant case: to wit, that revocation of his less than jail disposition violated the double jeopardy provisions of the fifth amendment and the due process clause of the fourteenth amendment. The Court of Appeals affirmed the decision of the District Court in ruling against the contentions made.

The defendant argues that *Sole* v. *Rundle, supra,* is inapplicable here since that case involved a sentence revocation for misrepresentation committed during the time of probation, not for prior offenses. This distinction misapplies the court's rationale in *Sole.* The sentence therein was imposed because the defendant fraudulently induced the order placing him on probation. Since fraudulent representations induced the deferred sentence in the case at bar, the reasoning of the court is equally applicable here.

The defendant's contention that he was not afforded a due process hearing, *Mempa* v. *Rhay,* 389 U. S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), is unsupported by the record. The justice below immediately convened a hearing upon learning about the possible fraud on the court. The de-

fendant was represented by counsel and the proceedings were transcribed.

The defendant finally argues that the court, following *State* v. *Trivisonno,* 112 R. I. 1, 307 A.2d 539 (1973), has no power to rescind the deferred sentence. In *Trivisonno* we held that the court had no power to rescind a sentence validly given. Since the deferred sentence imposed in the instant case is void, *Trivisonno* is inapplicable.

The defendant's petition is denied and dismissed, and the papers are remanded to the Superior Court for further proceedings.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, for plaintiff.

*William P. Butler, William J. Burke,* for defendant.