**333 A.2d 684.**

LINDA F. KANE *vs.* STATE.

MARCH 19, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. These coram nobis proceedings stem from three indictments returned to the Superior Court against the petitioner on July 10, 1970. One charged her with murder, and the other two with assault with intent to commit murder. She was represented by an assistant public defender who, in the sentencing justice's chambers and presence, engaged in plea discussions with an assistant attorney general. Following that meeting the petitioner, who had not been present, was advised by her counsel that if she would plead nolo the prosecution would reduce the main charge to second degree murder and recommend a sentence of 20 years for that offense. She agreed and on March 18, 1971, pleaded nolo to all three charges. The cases were then continued for sentence until April 15, 1971, and at that time the prosecutor kept his promise by recommending a sentence of 20 years for the reduced charge.

The trial justice rejected that recommendation, however, and sentenced the petitioner to serve 30 years for the second degree murder charge. He also imposed 10-year probationary terms for the other two charges, to begin after her release from confinement for the murder offense.

At the time of sentencing, the petitioner neither protested the sentences she received nor even intimated that her plea of nolo to the second degree murder charge had been induced by an assurance that she would receive a sentence not exceeding 20 years. About 2½ years later, however, she filed

a petition for a writ of error coram nobis challenging the 30-year sentence. That petition was heard and denied by a justice other than the one who had imposed sentence. The petitioner then appealed.

Before us petitioner does not argue that she was unaware of the nature and consequences of her plea of nolo, or that those pleas were not voluntarily, intelligently, and intentionally made in the usual sense.[1] She contends instead, as we understand her, that after her counsel's plea discussions with the prosecution, he reported to her that if she pleaded nolo to second degree murder the prosecution would recommend a 20-year sentence, and that this report left her with the subjective belief that the sentencing justice would follow that recommendation.

The petitioner cites *State* v. *Welch,* 112 R. I. 321, 309 A.2d 128 (1973), for the proposition that a belief so induced, mistaken or not, is a sufficient ground for allowing the withdrawal of a nolo plea and the vacation of the sentence imposed thereon. But in *Welch,* unlike this case, the defendant relied in good faith on his own counsel's assurances that in exchange for a plea of nolo he would receive the sentence recommended by the state. When the sentence imposed was greater than that recommended, the defendant promptly moved to withdraw his plea and vacate the sentence, and we held that those motions should have been granted.

Here, in contrast, petitioner's counsel did not assure his client that the prosecution's sentence recommendation would be followed. Instead, he specifically told her that the sentencing justice had not committed himself to a 20-year term, that she would have no appeal if he gave her more

---

[1]*Alessio* v. *Howard,* 110 R. I. 478, 293 A.2d 919 (1972); *Flint* v. *Sharkey,* 107 R. I. 530, 268 A.2d 714 (1970); *Bishop* v. *Langlois,* 106 R. I. 56, 256 A.2d 20 (1969); *Hall* v. *Langlois,* 105 R. I. 642, 254 A.2d 282 (1969); *Northrop* v. *Langlois,* 100 R. I. 349, 215 A.2d 926 (1966); *Harris* v. *Langlois,* 100 R. I. 196, 212 A.2d 715 (1965); *Cole* v. *Langlois,* 99 R. I. 138, 206 A.2d 216 (1965); *Lonardo* v. *Langlois,* 98 R. I. 493, 205 A.2d 19 (1964).

than 20 years, and that technically she could get a life sen-·tence. These circumstances clearly provide a sound evidentiary foundation for the trial justice's finding that petitioner knowledgeably and intentionally took a "calculated ·risk" that the sentencing justice would abide by the prosecution's recommendation for sentence. That being so, the case is clearly distinguishable from *Welch,* which depends for its vitality upon an accused's "bona fide reliance" upon an unqualified representation that a responsible state official, in exchange for a plea, has bargained to commit the state to give the defendant a lesser punishment than he might otherwise receive.

The petitioner further argues, however, that the sentencing justice's presence at the plea discussions justified the inference that he had acquiesced in the bargain struck between the prosecutor and her counsel, that she drew such an inference, and that it was reasonable for her to rely thereon absent a specific negation by the sentencing justice prior to the acceptance of her plea. Even if that be so, we agree with the justice presiding at the coram nobis proceed-·ings that this exacting standard was satisfied, for any implication arising from the sentencing justice's presence at the plea discussions that the prosecution's recommendation would bind him was specifically and sufficiently negated when, prior to the acceptance of her nolo pleas, the sentencing justice inquired of petitioner whether she realized "* * * that you have no promises from me and you are taking your chances with me?" to which she responded, "Yes, sir."

For the reasons indicated the petitioner's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remitted to the Superior Court for further proceedings.

*William F. Reilly,* Public Defender, *John P. Toscano, Jr.,* Asst. Public Defender, *David L. Martin,* Asst. Public Defender, for petitioner.

*Julius C. Michaelson,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, for respondent.