366 A.2d 1132.

STATE *vs.* JOHN M. ABBOTT AND RICHARD E. FREEMAN.

NOVEMBER 18, 1976.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris,, JJ.

KELLEHER, J. On April 13, 1976, an order was entered in this proceeding which read: "The defendants' motion for release on bail pending appeal is denied." *State* v. *Abbott*, 116 R.I. 922, 355 A.2d 410 (1976). Thereafter, the defendants filed a habeas corpus petition in the District Court of the United States for the District of Rhode Island, in which they alleged that our one-sentence denial of their bail request violated their due process rights. On November 8, 1976, the District Court granted the writ but stayed its enforcement for 10 days pending our response to its request that we either grant bail or furnish the rationale for our denial. We will not grant bail, but we do welcome this unique opportunity to set forth the facts which prompted us to say "No" to the defendants' bail request.

Abbott and Freeman were indicted in September 1969 on charges of rape, kidnapping, sodomy, and robbery, and as the District Court has so aptly observed, the travel of the case became "complicated." We would go one step further and say that there have been times following the return of these indictments when the defense, prosecution, and, yes, even the judiciary have been immersed in a procedural quagmire.

In February 1973 defendants appeared before a justice of the Superior Court, and as a result of some plea bargaining the robbery charge was reduced to larceny. The defendants then pleaded "nolo" to all charges because the bargain called for the deferral of sentencing on the rape and kidnapping charges, the imposition of a 7-year suspended sentence on the sodomy charges, and the serving by each defendant of a 2- to 3-year prison sentence for the larceny. Subsequent events caused the sentencing jus-

tice to nullify the bargain. He ordered a withdrawal of the nolo pleas and a restoration of the not guilty pleas. The defendants sought an immediate review of this action in this court by certiorari. We denied their petition. *State* v. *Freeman*, 111 R.I. 937, 307 A.2d 542 (1973).

In October 1973 defendants went to trial, and the jury returned guilty verdicts on the rape and kidnapping charges and not guilty verdicts on the sodomy and larceny charges. The trial justice imposed a 10-year sentence on the rape charges and deferred sentencing on the kidnapping charge. Abbott and Freeman appealed their rape convictions to this court. The trial justice denied their request for bail pending our consideration of their appeals.

The defendants then invoked the provisions of our Rule 9 and came before us on May 10, 1974, and sought release on bail pending our review of the judgments of conviction entered in the Superior Court. We granted the motions of Abbott and Freeman and released them on bail. Later, in *State* v. *Abbott*, 113 R.I. 430, 432, 322 A.2d 33, 35 (1974), we first alluded to our holding in *Quattrocchi* v. *Langlois*, 100 R.I. 741, 219 A.2d 570 (1966), where we stated that post conviction bail was not a constitutional right but a statutory matter[1] that is directed to the sound judicial discretion of the trial court. We then referred to the "natural reluctance to incarcerate a person prior to final conviction * * *" and went on to delineate some of the elements that should be considered by a trial court as it considers a defendant's request to be released on bail during the pendency of an appeal.

In mid-January 1976 we decided defendants' appeal.

---

[1]In 1966 bail pending appeal of a conviction was authorized by what was then G. L. 1956, §12-19-1. In 1972 §12-19-1 was repealed, and the Superior Court Rules of Criminal Procedure took effect. Super. R. Crim. P. 46(a) permits a Superior Court justice to grant bail both before and after conviction.

*State* v. *Freeman,* 115 R.I. 523, 351 A.2d 824 (1976). Two justices of this court were of the opinion that the sentencing justice erred when he revoked the plea bargain and reinstated the not guilty pleas. A third justice, in voting to overturn the rape convictions, rested his opinion on the grounds that once defendants' nolo pleas were accepted by the sentencing justice, jeopardy attached and the subsequent trial had violated the constitutional bar against double jeopardy. The two remaining members of this court were of the opinion that the sentencing justice should not be faulted for the actions he had taken.

The remand in the rape cases reads: "The defendants' appeals are sustained, the judgment of conviction as to each defendant is vacated, the sentence imposed is set aside and the cause is remitted to the Superior Court with directions that sentence be imposed on each defendant in accordance with the commitment made as to sentence as a result of the plea bargaining agreement." *State* v. *Freeman,* 115 R.I. 523, 535, 351 A.2d 824, 830 (1976).[2] The cases were remanded to the Superior Court, and on March 8, 1976, defendants presented themselves for sentencing. They appeared before the same justice who in February of 1973 had expressed his willingness to go along with the bargain that had been worked out by defendants' counsel and the prosecution. The justice, in following the dictate of our remand as he saw it, adhered to his earlier commitment in all its respects. He reinstated all of the nolo pleas, deferred sentencing on the rape and kidnapping charges, imposed a 7-year suspended sentence on the sodomy charges, and an immediate 2- to 3-year prison term for defendants' involvement with the larceny.

The defendants quite understandably offered no objection

---

[2]The many petitions, motions, and appeals that have been filed in this controversy for some reason unknown to us have been indexed sometimes as *State* v. *Abbott* and at other times as *State* v. *Freeman*.

to the sentencing justice's deferral of the rape sentences, but they took vehement issue with the reinstatement of the sodomy and larceny facets of the original package. The sentencing justice rejected defendants' objection to the re-imposition of the suspended sentences and the 2- to 3-year prison sentences, and he denied their request for bail pending their appeal to this court. Thereupon, they came to this court seeking a stay and bail. We denied the request for a stay and heard oral argument on the bail request. Our denial of bail caused defendants to seek habeas corpus in the District Court.

In the District Court defendants argued that our 1976 denial of their request for bail was "as arbitrary and capricious an action as could be postulated" because they were the same two people who were granted bail 2 years earlier and the standards remained unchanged. We must disagree with defendants' description of our denial of their bail request because they have employed a faulty premise. While *Quattrocchi* speaks of bail pending an appeal of a conviction, the appeal which was envisioned by the statute and which is encompassed by any of our court rules is an appeal which follows a guilty verdict after a trial where the trier of fact, be it a jury or a judge sitting without a jury, has listened to the conflicting evidence and then made the necessary finding. In 1974 defendants were seeking bail after the jury had returned the rape and kidnapping convictions and the trial justice had denied their new trial motions. The appeal was an all-out attack on the merits of their rape convictions. It included contentions that the sentencing justice had abused his judicial discretion when he revoked his former promise to impose the 2- to 3-year jail sentences; that the justice who had presided at their trial erred when he refused to dismiss all of the indictments because of alleged adverse pretrial publicity; and that he should have declared a mistrial

once it became known that certain articles of clothing worn by the victim on the night of the attack had been destroyed by her after their return to her by the police subsequent to the entry of the initial nolo pleas.

However, things were different in the spring of 1976. When the bail question was argued before us, we questioned the propriety of defendants' using appeals from the sentencing justice's restoration of the sodomy and larceny nolo pleas as a vehicle to challenge his right to incarcerate them. Our doubts were prompted in part by what we had done in *State* v. *Welch*, 112 R.I. 321, 309 A.2d 128 (1973). Welch was before us on an appeal from the denial of a motion to vacate a nolo plea where he alleged that the plea was not given voluntarily. In that case we treated Welch's appeal as a petition for writ of certiorari and quashed the trial justice's denial of Welch's motion to vacate.

Following the *Welch* opinion, the General Assembly provided a remedy for people whose plight was similar to Welch's when at its January 1974 session the Legislature enacted a post conviction relief statute, which today is cited as G. L. 1956 (1969 Reenactment) ch.9.1 of title 10. Section 10-9.1-1(a)(1) makes it clear that relief is available to any person who claims that his or her conviction or sentencing violates the federal or state constitutions. Relief is to be sought by the filing of an application in the Superior Court, and appeals from final judgments are made to the Supreme Court. Sections 10-9.1-2 and 10-9.1-9.

It was our belief in April of 1976 that defendants, after the sentencing justice had restored the sodomy and larceny indictments, pleas, and punishments, should have first sought post conviction relief in the Superior Court and then taken their appeals from any adverse decision entered in that court to this court. However, we will, when we come to the actual decision of the merits of the appeals present-

ly before us, consider them as having been taken from a Superior Court denial of applications for post conviction relief. Such action by us is of no help to defendants so far as it concerns the application for bail that they filed with us in March 1976.

This court has never granted bail to an individual who has sought what for all intents and purposes is post conviction relief. In the past, upon the receipt of such a claim, we have always made every effort, commensurate with the limitations of our physical and mental energies, to expedite our consideration and disposition of such claims. In fact, just 4 days prior to the District Court's grant of defendants' petition for habeas, we had heard arguments on the merits of defendants' appeals from the judgments calling for the imposition of the sodomy and larceny sentences.

We appreciate the courtesy extended to us by the District Court because its request has provided us with this occasion where we can remind all, particularly those who may be or will be incarcerated at one of our state's correctional institutions, that the filing of a document labelled "Motion for Bail Pending Appeal" which is part of a constitutional challenge such as is presently being made by the defendants will not entitle the filer to seek bail under the principles alluded to in *Quattrocchi* and further delineated in *State* v. *Abbott,* 113 R.I. 430, 322 A.2d 33 (1974).

In conclusion, we will amend the order originally entered in this proceeding with the acknowledgement that had the amended order appeared earlier, conceivably some of the procedural morass which has engulfed this litigation might have been avoided. Consequently, our April 13, 1976, order is hereby amended to read as follows: "The defendants' application for bail while we consider their appeal from the Superior Court's denial of their application for post conviction relief is hereby denied."

*Julius C. Michaelson,* Attorney General, *Judith Romney Wegner,* Special Asst. Attorney General, for plaintiff.

*William F. Reilly,* Public Defender, *Barbara Hurst, Peter A. DiBiase,* Asst. Public Defenders, for defendants.