366 A.2d 1135.

STATE *vs.* JOHN M. ABBOTT AND RICHARD E. FREEMAN.

DECEMBER 7, 1976.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This proceeding was instituted in this court as a direct appeal from judgments of conviction entered as to both defendants on the charges of sodomy and larceny from the person. We have held in this case, however, that, because this appeal is not an all-out attack on the merits of the defendants' convictions but rather is a challenge to the constitutional validity of their convictions and sentences, we shall hereinafter treat this matter as an appeal from the Superior Court denial of postconviction relief

under G.L. 1956 (1969 Reenactment) §§10-9.1-2 and 10-9.1-9. *State* v. *Abbott,* 117 R.I. 214, 366 A.2d 1132 (1976).

The facts of this case are complicated and are set forth herein with minimum embellishment. The defendants were indicted in 1969 for the crimes of rape, kidnapping, sodomy and robbery. As a result of extensive plea bargaining, they entered pleas of nolo contendere to the original charges of rape, kidnapping and sodomy and to an amended charge of larceny from the person. A Superior Court justice stated that he would accept those pleas pending his review of the presentencing report and would effectuate the following dispositions as to each defendant:

| | |
|---|---|
| Rape: | sentencing deferred |
| Kidnapping: | sentencing deferred |
| Sodomy: | 7 years suspended |
| | 7 years probation |
| Larceny from the person: | 2 to 3 years committed |

In the wake of subsequent events which need not be described herein, *see State* v. *Freeman,* 115 R.I. 523, 351 A.2d 824 (1976), and prior to actual sentencing, the promised dispositions were retracted, the nolo pleas were withdrawn, pleas of not guilty were entered as to each charge, and the matter was set down for trial. A Superior Court jury found each defendant guilty of rape and kidnapping and not guilty of sodomy and larceny from the person. They were each sentenced to 10 years imprisonment on the rape convictions and sentencing was deferred on the kidnapping convictions. The defendants appealed the rape convictions to this court. We sustained the appeals and held that the sentences imposed on the rape conviction should be vacated where the trial justice not only participated in the plea bargaining agreement but stated in open court that a particular sentence would be

imposed. A plurality of this court felt that there was no relevant distinction between this situation and that treated by the Supreme Court in *Santobello* v. *New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), where the prosecution had failed to abide by a promise to make a particular recommendation. Because the trial justice's promise was a part of the inducement for defendants' nolo pleas, we remanded the case to the original sentencing justice for resentencing in accordance with the terms of the plea bargain. *State* v. *Freeman, supra* at 533, 535, 351 A.2d at 829, 830.

Upon remand, the sentencing justice reinstated the nolo pleas as to each of the four original charges, including those of which defendants had been acquitted, and imposed *all* of the originally promised dispositions. The defendants are now before this court on an appeal which, in essence, challenges the validity of the convictions and sentences imposed on the charges of sodomy and larceny from the person.

In bringing this appeal, defendants raise two arguments. First, they contend that their prior appeal was taken only from the judgment of conviction and the sentence entered on the charge of rape and that therefore this court's directive in *State* v. *Freeman, supra,* that the plea bargain should be specifically performed applied only to that count. They argue that the sentencing justice erred in implementing all of the bargained-for dispositions. Second, defendants maintain that the intervening acquittals on the charges of sodomy and larceny from the person were final judgments from which no appeal was taken and that the constitutional right not to be placed twice in jeopardy proscribes the reinstatement of the nolo pleas and the imposition of sentences on these counts. The defendants conclude that, on the basis of these arguments, this court should vacate

the convictions and sentences imposed on the charges of sodomy and larceny from the person.

For the reasons that follow, we find that defendants' second argument is dispositive of this appeal. Consequently, we need not consider the contentions made by them in their first argument.

Turning then to defendants' second argument, we agree with their contention that their right not to be placed twice in jeopardy presents a compelling reason for overturning the sentencing justice's attempt to implement the sentencing commitment as it applied to the charges of sodomy and larceny from the person.

The guaranty against double jeopardy is embodied severally in U.S. Const. amend. V, and R.I. Const. art. I, §7, and is a right considered by the Supreme Court to be so "fundamental to the American scheme of justice" that the federal guaranty has been applied to the states through the fourteenth amendment. *Benton* v. *Maryland*, 395 U.S. 784, 793-96, 89 S.Ct. 2056, 2062-63, 23 L.Ed.2d 707, 715-17 (1969). The seminal exposition of the fifth amendment guaranty was contained in the case of *United States* v. *Ball*, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896), wherein the Court observed:

> "An acquittal before a court having no jurisdiction is, of course, like all the proceedings in the case, absolutely void, and therefore no bar to subsequent indictment and trial in a court which has jurisdiction of the offence. * * * If the judgment is upon an acquittal, the defendant, indeed, will not seek to have it reversed; and the government cannot." *Id.* at 669-70, 16 S.Ct. at 1194-95, 41 L.Ed.at 302-03.

The Court concluded that the acquittal of the defendant, having become final, could not be reviewed without placing him twice in jeopardy and thereby violating the Constitution. *Id.* at 671, 16 S.Ct. at 1195, 41 L.Ed.at 303.

The continued vitality of these principles was assured

by the Supreme Court in *Benton* v. *Maryland, supra.* That case involved a defendant who was indicted for burglary and larceny and who was found by a jury to be guilty of the former charge but not guilty of the latter. Subsequent to his conviction, the Maryland Court of Appeals, in an unrelated case, struck down a provision of that State's Constitution requiring jurors to swear to their belief in God's existence. Since the jury that had convicted him of burglary had been impanelled under the infirm provision, the defendant was given the option to apply for reindictment and retrial. The defendant accepted this opportunity to have his conviction set aside and, upon retrial, he was found guilty as to both the larceny and burglary charges. His appeal from the denial of his motion to dismiss the larceny charge was premised upon the assertion that his prior acquittal of larceny barred any subsequent prosecution of that charge. His plea in this regard was rejected and the Maryland high court denied discretionary review. Relying upon *United States* v. *Ball, supra,* and reciting its conviction that "* * * the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense * * *" the Court held that an earlier acquittal cannot be set aside over the defendant's objections even where there is a defect in the indictment. *Benton* v. *Maryland, supra* at 796, 797, 89 S.Ct. at 2063, 2064, 23 L.Ed.2d at 717, 718. *Cf. State* v. *Nardone,* 114 R.I. 363, 334 A.2d 208 (1975).

Turning again to the instant case, we note that the original trial was conducted in a court which clearly had jurisdiction over the subject matter, G.L. 1956 (1969 Reenactment) §8-2-15, and over the persons of the defendants. The judgments of acquittal were therefore final and, in the absence of a valid waiver, the defendants could not again be placed in jeopardy in connection with those charges. *See Thornley* v. *Mullen,* 115 R.I. 505, 510-11, 349

A.2d 158, 161 (1975). Withdrawal of the defendants' not guilty pleas, reinstatement of their original nolo pleas and imposition of sentences for the charges of sodomy and larceny from the person were clearly errors which deprived the defendants of their constitutional right not to be placed twice in jeopardy. *See State v. Nardone, supra.*

The defendants' appeal is sustained, the judgments appealed from are reversed and the case is remanded to the Superior Court with instructions to vacate the sentences on the charges of sodomy and larceny from the person.

*Julius C. Michaelson,* Attorney General, *Judith Romney Wegner,* Special Asst. Attorney General, for plaintiff.

*William F. Reilly,* Public Defender, *Peter DiBiase, Barbara Hurst,* Asst. Public Defenders, for defendants.