294 A.2d 193.

MICHAEL W. MENZIES *vs.* SIGMA PI ALUMNI ASSOCIATION OF RHODE ISLAND, INC. *et al.*

MICHAEL W. MENZIES *vs.* SIGMA PI FRATERNITY, ALPHA UPSILON CHAPTER *et al.*

MILDRED POTTER MENZIES *et al. vs.* SIGMA PI ALUMNI ASSOCIATION OF RHODE ISLAND, INC. *et al.*

MILDRED POTTER MENZIES *et al. vs.* SIGMA PI FRATERNITY, ALPHA UPSILON CHAPTER *et al.*

AUGUST 8, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J.   These four civil actions are here on appeal. In two of them Michael W. Menzies is the plaintiff and the appellant; in the other two the plaintiffs and the appellants are Mildred Potter Menzies, Michael W. Menzies and Russell T. Potter.   All of the actions include as a defendant either the Hartford Fire Insurance Company or the Hartford Accident and Indemnity Company.   Our references to "defendant" herein should be understood, therefore, as ap-

plying not always to the same party, but to the appropriate insurance company in each instance. In each case, a fair reading of the motion acted upon in the Superior Court clearly indicates that the defendant-movant intended thereby to test the legal sufficiency of the complaint; and in each, the parties have briefed and argued the case in this court as if the appeal were taken from an order dismissing the action on the ground that the complaint failed to state a claim upon which relief could be granted. A docket entry in two of the cases, however, contains the following recital:

> "Motion to dismiss for failure of pleadings to state a claim upon which relief can be granted against Hartford Ins. Co. is granted and summary judgment is entered for Hartford Ins. Co. in accordance with Rule 56 RCP."

In each of the other two cases, the comparable entry omits any reference to a summary judgment and states only that defendant's motion to dismiss was granted. Moreover, and notwithstanding the docket entries in the first two cases, the pertinent written order contained in the papers in each of the four cases states that the cause was heard on defendant's motion "* * * to dismiss the primary complaint laid against it in accordance with Rule 12(b)," and that after hearing thereon it was ordered that "the motion to dismiss be and the same is hereby granted."

We are, of course, aware that Super. R. Civ. P. 12(b) permitted, but did not require, the trial justice to go outside of the pleadings and to consider the depositions, answers to interrogatories, affidavits and other extraneous materials filed in one or more, but not in each, of the four cases, and then to treat the motions to dismiss under 12(b)(6) as if they were motions for summary judgments to be disposed of as provided for in Super. R. Civ. P. 56. *DiBello* v. *St. Jean,* 106 R. I. 704, 707, 262 A.2d 824, 825 (1970); *Warren Education Ass'n* v. *Lapan,* 103 R. I. 163, 168, 235 A.2d 866, 869 (1967). The difficulty here, however, is that the con-

fused state of the record in each of the cases makes it impossible to determine (1) in which of the four cases the extraneous materials have been filed; and (2) whether the trial justice treated all or some of the motions to dismiss as if they were motions for summary judgments, or whether instead she excluded those extraneous materials from her consideration of all the cases and decided only that the motions to dismiss should be granted.

In the circumstances, orderly procedures dictate that the papers in each case be returned to the Superior Court for clarification, *nunc pro tunc,* of its orders and of the record therein. The papers and the record in each case shall then forthwith be transmitted to this court without the necessity for the plaintiff or plaintiffs to file any further claims of appeal. Upon such retransmission the parties shall rebrief and reargue the cases giving consideration to whether the principles set out in 2 Restatement (Second) *Torts* §§325 and 324A (1965) have been or should be accepted in this state, and, if so, how application of those principles affects the claims of the plaintiff or plaintiffs, as the case may be, in each of the cases.

So much of the foregoing mandate as directs that the papers in each case, following clarification, be transmitted to this court presupposes compliance with Super. R. Civ. P. 54(b). In a case where there are multiple parties, that rule permits the entry of a final judgment as to one or more but fewer than all of the parties, provided the trial justice has first expressly determined that there is no just reason for delay and has expressly directed that judgment enter. *Goodyear Loan Co.* v. *Little,* 107 R. I. 629, 269 A.2d 542 (1970); *Calore Rigging Corp.* v. *Sterling Engineering & Constr. Co.,* 105 R. I. 150, 250 A.2d 365 (1969).

While there are multiple parties in each of these cases, the trial justice did not make the required certification and, even though they were therefore not ripe for appeal, the

cases nonetheless came. here. If on remand the trial justice refuses to make the prerequisite determination and direction, the cases should not again be certified here until entry of judgment adjudicating the rights and liabilities of all the parties.

The four actions are remanded to the Superior Court for further proceedings not inconsistent with this opinion.

*Howard I. Lipsey,* for plaintiffs.

*Carroll, Kelly & Murphy, Joseph A. Kelly,* for defendant Hartford Fire Insurance Co.