C. A. No. 73-102. STATE *v.* WILLIAM MURPHY. This motion for bail pending appeal is made pursuant to Rule 9 of our rules. A Superior Court jury found the defendant guilty of two charges—conspiracy to bribe and the actual offering of a bribe to a potential juror. The defendant is presently serving a three-year sentence on the conspiracy charge. Sentence was imposed on November 27, 1972. Sentence on the bribery indictment was deferred. The trial justice has refused to release the defendant on bail pending our consideration of his appeal.

In *Quattrocchi* v. *Langlois,* 100 R. I. 741, 219 A.2d 570 (1966), we pointed out that post conviction bail is not a matter of right but its grant is a matter which rests within the sound judicial discretion of the trial justice after he has considered such factors as the applicant's prior criminal record, his general reputation, his presentence report and the nature of the crime which has caused his imprisonment.

At the Superior Court bail hearing, testimony of Murphy's good reputation and trustworthiness was adduced. The trial justice remarked that though Murphy's reputation "probably was good," events that had transpired since the return of the conspiracy and bribery indictments had "badly tarnished that reputation." He equated Murphy's alleged criminal conduct with the crime of murder. He drew this equation because the potential juror in question might have served on a case where the defendant was charged with murder. While we must accord great deference to the views of the trial justice, we think he has erred.

The reputation of any individual is bound to suffer once he has been indicted. The harm is all the more magnified once a guilty verdict is returned. The character evidence presented by Murphy is on the record before us uncontradicted and unimpeached. An analysis of the nature of an applicant's conviction is reflective of the judiciary's concern that a person on bail keep the peace and that his liberty will not prove a threat to

the safety of the community. While jury tampering is a nefarious offense, it is not a crime of violence.

Bail is a device that seeks to strike a balance between the natural reluctance to incarcerate a person prior to a final adjudication of his guilt and the possibility that a defendant may flee the jurisdiction while his appeal is pending. The purpose of bail is to insure the defendant's appearance and submission to the court's judgment.

Murphy has been a lifelong resident of Providence. He and his wife own their own home. He is the father of three children all of whom live with their parents. At the time of the return of the indictments, he was receiving workmen's compensation benefits for a work-related injury. There seems little likelihood of his absconding. Accordingly, it is hereby ordered that Murphy be brought before us on Wednesday, April 18, 1973 at 10 a.m. for the purpose of being admitted to bail. Joslin, J., not participating. *Richard J. Israel*, Attorney General, *Donald P. Ryan*, Asst. Attorney General, for plaintiff. *Stephen J. Fortunato, Jr.*, for defendant.