319 A.2d 14.

GLADYS KOLC, KENNETH KOLC, *p.p.a. vs.* MARIE MARATTA *et al.*

MAY 9, 1974.

PRESENT: Roberts, C. J., Joslin, Kelleher and Doris, JJ.

JOSLIN, J. Gladys Kolc, on behalf of her minor son Kenneth and on her own behalf, commenced this civil action in the Superior Court in May 1972 to recover for personal injuries and consequential damages sustained when Kenneth was struck by an automobile on November 6, 1964, as he was crossing Mineral Spring Avenue in North Providence. The defendants are Peter and Marie Maratta, the owner and operator, respectively, of the offending automobile, and Lydia C. (Lotito) Kneuttel, who was a crossing guard at the scene of the accident. The Marattas, but not Kneuttel, filed an answer raising several defenses. One defense was that a prior action was pending in the same court for the same cause of action.[1] Based upon that defense, the defendants moved for summary judgment and the trial justice, treating that motion as if it were for a dismissal, granted it.[2] The plaintiffs then appealed.

After the appeal had been argued in this court, we examined the record in the case and then for the first time learned that Lydia C. (Lotito) Kneuttel, although named as a defendant, had not been served with process and that no appearance had been entered on her behalf.[3] That knowledge provoked our inquiry as to whether this case

---

[1]The prior action was brought in 1966 by Kenneth's father, Stanley Kolc, now deceased, on Kenneth's behalf as well as his own. Both Marattas, but not Lydia C. Kneuttel, were named as defendants. In the Superior Court, verdicts were returned for the defendants. The plaintiffs appealed. We vacated the judgment and remitted the cases for new trials. *Kolc* v. *Maratta,* 108 R. I. 623, 278 A.2d 410 (1971).

[2]The trial justice relied on the well-settled principle that a second action should be abated if their is a prior action pending in the same court among the same parties and involving the same or substantially the same subject matter. *Elmasian* v. *Daley,* 87 R. I. 431, 433, 142 A.2d 540, 542 (1958); *Dukehart* v. *Fales,* 49 R. I. 407, 143 A. 615 (1928).

[3]Our examination also disclosed that plaintiffs filed with their notice of appeal an objection to the judgment on the ground that it was entered only as to the Marattas.

should be considered one involving "multiple parties" within the contemplation of *Super. R. Civ. P.* 54(b). If so, the judgment dismissing the action against the Marattas would not have adjudicated the rights and liabilities of all the parties and would not, therefore, be ripe for appeal except upon an express determination by the trial justice that there was no just reason for delay, and upon an express direction for the entry of judgment. *Menzies* v. *Sigma Pi Alumni Ass'n,* 110 R. I. 488, 294 A.2d 193 (1972); *Goodyear Loan Co.* v. *Little,* 107 R. I. 629, 269 A.2d 542 (1970); *Calore Rigging Corp.* v. *Sterling Engineering & Constr. Co.,* 105 R. I. 150, 250 A.2d 365 (1969). The requisite determination and direction were not made in this case.

The question thus raised is one of first impression in this state. When we looked elsewhere we found that the issue had been decided in Arizona. There, under a rule which is substantially identical to our Rule 54(b), it is held that a named defendant who has not been served with process is nonetheless a party to the lawsuit; that in appropriate circumstances service may be made upon an unserved defendant even after judgment has been entered against other defendants in the case; and that, accordingly, a judgment as to all the parties to the litigation except an unserved defendant lacks that degree of finality necessary to support an appeal, absent the determination and direction called for by the pertinent rule. *Stevenson* v. *Celaya,* 10 Ariz. App. 203, 457 P.2d 743 (1969).

Our research among the federal decisions was not as fruitful as might have been anticipated. Perhaps this was so because it was not until the federal rules were amended in 1961 that *Fed. R. Civ. P.* 54(b) applied to cases involving multiple parties as well as multiple claims. Although the federal cases upon which we rely antedate the 1961 amendment, they hold that a judgment dismissing a controversy as to some defendants, but leaving it pending as to an un-

served defendant, is not appealable. *Lohr* v. *United States,* 264 F.2d 619 (5th Cir. 1959); *Hardy* v. *Bankers Life & Casualty Co.,* 222 F.2d 827 (7th Cir. 1955).

We do not believe that the result reached in these cases, if applied here, will work undue hardship on plaintiffs. It does not deny them an appeal, but merely requires as a precedent thereto that the rights and liabilities of all of the persons they have named as defendants be adjudicated or that the trial justice bypass that requirement by making the appropriate Rule 54(b) determination and direction.

As is our practice in cases of this kind, we do not dismiss the appeal but restore the case to the Superior Court in order to afford the trial justice the prerogative of making the required certification. If he makes it, and a new appeal is then prosecuted, we will, upon stipulation of the parties, consider the questions raised upon the present record as thus supplemented. But if he shall refuse to do so, the case shall not again be certified here until the entry of a judgment adjudicating the rights and liabilities of all the parties.

The case is remitted to the Superior Court for further proceedings not inconsistent herewith.

Mr. Justice Paolino did not participate.