322 A.2d 33.

STATE *vs.* JOHN ABBOTT AND RICHARD E. FREEMAN.

JULY 11, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

KELLEHER, J. These are two motions for release on bail pending appeals made pursuant to Rule 9 of our rules. We granted these motions. This opinion sets forth the rationale of our order.

A Superior Court jury found the defendants guilty of rape and kidnapping.[1] They were sentenced to serve the minimum statutory punishment—10 years at the Adult Correctional Institutions. A justice of the Superior Court denied their requests for bail pending their appeals. He based his denial on the nature of the offense, saying that rape is a crime of violence. He also alluded to our state constitution which bars bail in cases involving a capital crime where "proof of guilt is evident or the presumption great." (Article I, sec. 9.) The trial justice stressed that if it is possible to deny pretrial bail on an indictment charging rape, the policy of no post conviction bail is "no less warranted" or "no less justified." We cannot agree with this conclusion.

The trial justice found as fact that prior to their present difficulties defendants had worked hard and gained the trust and confidence of their employers. He specifically commented on the stable relationship that had existed between defendants and their wives and children. Prior to the jury's verdict, defendants had been free on bail and at all times appeared in court as scheduled, even on the day when they knew they would receive at least 10-

---

[1] At one point, defendants were indicted for rape, kidnapping. committing an abominable crime against nature, and larceny. The jury returned guilty verdicts on the rape and kidnapping charges and "not guilty" verdicts on the remaining charges. The defendants each received a deferred sentence on the kidnapping charges.

432

year jail sentences. The trial justice also stated that their only encounter with the law involved the charges arising from the incident which resulted in their conviction.

Notwithstanding the "proof of guilt is evident or the presumption great" provision of art. I, sec. 9, the granting of post conviction bail is a matter which is addressed to the sound judicial discretion of the trial court. *Quattrocchi* v. *Langlois,* 100 R. I. 741, 219 A.2d 570 (1966). In granting post conviction bail, in *State* v. *Murphy,* 111 R. I. 921-22, 302 A.2d 808 (1973), we did indeed remark that jury tampering was not a crime of violence. However, we did not intend to imply that a trial court conviction of a crime of violence would be an automatic bar to the granting of post conviction bail. Rather, admission to bail presents the trial justice with a many faceted issue. The primary purpose of bail, be it of the pretrial or the post conviction variety, is to assure a defendant's appearance in court at the appointed time.

Having in mind the natural reluctance to incarcerate a person prior to final conviction, we take this opportunity to delineate some of the elements that should be evaluated when release on bail during the pendency of an appeal is sought in the trial court. Consideration should be given to (1) whether the appeal is taken for delay or in good faith on grounds not frivolous but fairly debatable; (2) the habits of the individual regarding respect for the law insofar as they are relevant on the question of whether an applicant's release would pose a threat to the community; (3) local attachments to the community by way of family ties, business or investment; (4) the severity of the sentence imposed, and circumstances relevant to the question of whether a defendant would remove himself from the jurisdiction of the court. *Younghans* v. *State,* 90 So.2d 308 (Fla. 1956); *City of Sioux Falls* v. *Marshall,* 48 S.D. 378, 204 N.W. 999 (1925). In cases where a short

sentence has been imposed, consideration must be given to the question of whether or not a denial of bail will nullify the right of appeal. With these guidelines in mind, we look at the record before us.

On appeal defendants will argue that they are entitled to specific performance of a plea bargain which had been allegedly agreed upon several months before trial. The bargain had called for nolo pleas in exchange for not less than two or at the most a three-year sentence. The record indicated that the nolo pleas were entered and subsequently withdrawn when the sentencing justice informed defendants that he could not stand by his earlier commitment in the light of the Attorney General's representation that the original recommendations made by one of his assistants were a mistake. The defendants then withdrew their nolo pleas and later went to trial.

There is no evidence which indicates any justifiable apprehension that the defendants will flee the jurisdiction. Their conduct during the entire time their cases have been before the Superior Court shows a willingness to abide by the punishment imposed by the Superior Court in the event their appeals are unsuccessful. Apart from the incident presently under review, the absence of any past criminal record demonstrates a likelihood that they will conduct themselves in a proper manner during the time their appeals are pending. In the light of the foregoing observations the denial of the defendants' requests for bail is an abuse of discretion.

The defendants' motions that they be released on bail are granted. Bail is to be in the amount of $7,500 with surety.

434

*Richard J. Israel*, Attorney General, *Donald P. Ryan*, Asst. Attorney General, for plaintiff.

*William F. Reilly*, Public Defender, *Peter DiBiase*, Asst. Public Defender, for defendant.