381 A.2d 1045.

GEORGE SIMMONS AND DEBRA SIMMONS, *p.p.a. vs.*
STATE OF RHODE ISLAND *et al.*

JANUARY 6, 1978.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J.   In this civil action involving multiple parties,
the plaintiffs have appealed from a decision of a Superior

Court justice granting a Super. R. Civ. P. 12(b)(6) motion of the State of Rhode Island, one of the two defendants, to dismiss the plaintiffs' complaint for failure to state a claim upon which relief can be granted.

Following the hearing before us on briefs and oral arguments, a closer examination of the records in the case than had theretofore been made disclosed certain procedural difficulties. The immediate jurisdictional defect was that the appeal had been taken from the trial justice's decision, rather than from a judgment. *Boudreau* v. *Holzer*, 109 R.I. 81, 82, 280 A.2d 88, 90 (1971); *East Providence Credit Union* v. *Brown*, 104 R.I. 92, 92-93, 242 A.2d 428 (1968). That defect, had it been the only one, might have been avoided by our remanding the case to the Superior Court on our own motion for entry of a *nunc pro tunc* judgment. *James* v. *Melrose Realty Co.*, 112 R.I. 586, 588 n.1, 313 A.2d 654, 655 n.1 (1974); *Malinou* v. *Kiernan*, 105 R.I. 299, 300, 251 A.2d 530, 531 (1969).

But the absence of a judgment was not the only defect. In addition there was the more serious obstacle of non-compliance with Rule 54(b). That rule permits the entry of a final judgment as to one or more but fewer than all the parties, but only after the trial justice has expressly certified that there is no just reason for delay and has expressly directed that judgment may enter. *Tessier* v. *Ann & Hope Factory Outlet, Inc.*, 113 R.I. 921, 320 A.2d 616 (1974); *Kolc* v. *Maratta*, 113 R.I. 160, 162, 319 A.2d 14, 15 (1974); *Menzies* v. *Sigma Pi Alumni Ass'n*, 110 R.I. 488, 490, 294 A.2d 193, 195 (1972). Neither that certification nor that direction was made in this case, which was therefore not ripe for appeal.

Accordingly, the case is remanded to the Superior Court for further proceedings which may include, within that court's sound judicial discretion, the entry of judgment accompanied by a Rule 54(b) certificate. If that discretion is

exercised in favor of issuing the requisite certificate and a new appeal is then prosecuted, this court will, upon stipulation of the parties, consider the question raised upon the present appeal record as thus supplemented. If, however, the trial justice refuses to so certify and direct, the case shall not again be transmitted here until the entry of a final judgment adjudicating the rights and liabilities of all the parties.

The case is remitted to the Superior Court for further proceedings not inconsistent herewith.

Mr. Justice Paolino participated in the decision but retired prior to its announcement.

*Quinn, Cuzzone & Geremia, John F. Cuzzone, Jr.*, for plaintiffs.

*Julius C. Michaelson*, Attorney General, *Seth Adam Perlmutter*, Special Assistant Attorney General, for defendants.