# GREGORY BEAUTY SUPPLY CO., INC.

v.

## Ernest BASTONE et al.

### No. 80–18–A.

Supreme Court of Rhode Island.

June 12, 1980.

DiSandro Associates, Edmond A. DiSandro, Providence, for plaintiff.

Howard K. Simmons, Robert L. Simmons, East Providence, for defendants.

### ORDER

An examination of the record in this case reveals that there has not been compliance with Super.R.Civ.P. 54(b). That rule permits the entry of a final judgment as to one or more but fewer than all the parties, but only after an express determination by the trial justice that there is no just reason for delay and an express direction that judgment may enter. *Simmons v. State of Rhode Island*, R.I., 381 A.2d 1045 (1978). Accordingly, this case is remanded to the Superior Court for further proceedings which may include, within the court's sound judicial discretion, the entry of judgment accompanied by a Rule 54(b) certificate.

WEISBERGER, J., did not participate.

■

# STATE

v.

## Richard A. FRAZIER.

### No. 78–442–C.A.

Supreme Court of Rhode Island.

June 23, 1980.

Dennis J. Roberts II, Atty. Gen., James P. Renaldo, Sp. Asst. Atty. Gen., for plaintiff.

Mary E. Levesque, Allegra Munson, Asst. Public Defenders, for defendant.

### ORDER

This case came before us on a motion filed by the defendant to reduce the amount of his bail. Upon consideration thereof, and in light of the fact that such a motion has not been addressed to the trial court, the case is hereby remanded to the Superior Court for a hearing on said motion. Upon completion of said hearing and the rendering of decision thereon, the papers in the case may be returned to this court for further proceedings in respect to the pending appeal.