**Raymond R. BEAUFORT et al.**

v.

**WARWICK CREDIT UNION et al.**

No. 79–160–A.

Supreme Court of Rhode Island.

March 26, 1981.

Thomas L. McDonald, Warwick, for plaintiffs.

Hinckley, Allen, Salisbury & Parsons, Robert W. Lovegreen, Providence, for defendants.

ORDER

An examination of the record in this case reveals that there has not been compliance with Super.R.Civ.P. 54(b). That rule permits the entry of a final judgment as to one or more but fewer than all the parties or pending claims, but only after an express determination by the trial justice that there is no just reason for delay and an express direction that judgment may enter. *Simmons v. State of Rhode Island*, R.I., 381 A.2d 1045 (1978).

Accordingly, this case is remanded to the Superior Court for further proceedings which may include, within the court's sound judicial discretion, the entry of judgment accompanied by a Rule 54(b) certificate.

SHEA, J., did not participate.

■

**J. Paul BODGE**

v.

**John MORAN.**

No. 81–128–M.P.

Supreme Court of Rhode Island.

March 26, 1981.

J. Ryder Kenney, Providence, for petitioner.

Dennis J. Roberts II, Atty. Gen., Kathryn A. Panciera, Spec. Asst. Atty. Gen., for respondent.

ORDER

This case comes before us on a petition for writ of habeas corpus wherein petitioner seeks admission to bail pending his trial on robbery and murder charges. A Superior Court judge has denied bail, having determined that the state had met its burden of establishing that proof of petitioner's guilt is evident and the presumption great. However, after hearing argument and reviewing the memoranda and transcript filed herein, we believe that despite the determination as to proof of guilt, this matter should be returned to the Superior Court to afford the hearing justice the opportunity to exercise his discretion on the question of bail pending trial in accordance with our rulings in *Fountaine v. Mullen*, 117 R.I. 262, 366 A.2d 1138 (1976) and *State v. Abbott*, 113 R.I. 430, 322 A.2d 33 (1974).

Accordingly, the petition for writ of habeas corpus is hereby remanded to the Superior Court so that the hearing justice may exercise his discretion on the question of bail as herein provided.

SHEA, J., did not participate.