[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is presently before the Court on defendants' Edward R. DiPrete, Anthony J. Solomon, Donald R. Hickey and James M. Reilly, (hereinafter defendants) motion to dismiss pursuant to R.C.P. 12(b)(6). Defendants State of Rhode Island and the Employees' Retirement System of the State of Rhode Island have not joined in the motion to dismiss.
TRAVEL
Plaintiffs, who are participants in the Employees' Retirement System of the State of Rhode Island (Retirement System), seek declaratory and injunctive relief against all defendants and damages from all individual defendants, for their alleged unconstitutional implementation and operation of the Retirement System.
In their seven (7) count complaint, plaintiffs allege that defendants pay or paid, to certain individuals, retirement benefits which are significantly more generous than the benefits plaintiffs and other members of their class[1] receive or received, that there exists no rational basis for said preferential payments, and that said payments violate 42 U.S.C. § 1983
of the United States Constitution and the Rhode Island Constitution. Specifically, plaintiffs allege that certain legislative bills, some private and some ostensibly generic, and certain unspecified administrative actions, allow or allowed certain favored individuals to purchase retirement credit at substantially less than full actuarial costs. Plaintiffs claim that, as a consequence, the favored individuals bear a far smaller share of the actuarial burden of the benefits than do plaintiffs.
Defendant, Edward R. DiPrete moves this Court to dismiss pursuant to Rule 12(b)(6) all counts against him, specifically counts IV through VII. Defendants Solomon, Hickey and Reilly join defendant DiPrete in his motion to dismiss and also, by way of their own motion, move to dismiss the claims against them individually (counts IV through VII) on the additional grounds presented in their motion.[2]
Neither defendant DiPrete, nor any other defendant moves to dismiss counts I through III of the complaint. In fact, defendant DiPrete in his motion invites this Court to strike any bills granting preferential pensions which are unjustified or unconstitutional. In essence, counts I through III allege that private laws conferring special benefits on certain favored individuals, without any rational basis therefore, deny plaintiffs the rights of equal protection and due process of law guaranteed by the Fourteenth (14th) amendment to the U.S. Constitution and Section 2 of Article I of the R.I. Constitution. Defendants assert that the State of Rhode Island is the proper defendant under these counts, and that such allegations have been answered and are not the subject of the present motion.
THE MOTION TO DISMISS COUNTS IV AND V
Defendants first contend that counts IV and V should be dismissed because plaintiffs have failed to state properly a cause of action under 42 U.S.C. § 1983. Count IV alleges that administrative actions by the individual defendants (DiPrete, Solomon, Hickey and Reilly), performed under the color of state law, denied plaintiffs the equal protection of laws guaranteed by the Fourteenth Amendment to the U.S. Constitution and Section 2 of Article I of the R.I. Constitution. Plaintiffs in count IV seek relief pursuant to 42 U.S.C. § 1983. Plaintiffs in count V also claim relief under § 1983 alleging that the administrative actions by the individual defendants denied them their property without due process of law as guaranteed by the Fourteenth amendment and Section 2 of Article I.[3]
The court in Jones v. State of Rhode Island, 724 F. Supp. 25, 31 (D.R.I. 1989) discussed the standard for a court's considering a motion to dismiss on a § 1983 complaint:
 [w]e require more than conclusions or subjective characterizations. We have insisted on at least the allegation of a minimal factual setting. It is not enough to allege a general scenario which could be dominated by impleaded facts . . . Therefore, although we must ask whether the `claim' put forth in the complaint is capable of being supported by any conceivable set of facts, we insist that the claim at least set forth minimal facts, not subjective characterizations, as to who did what to whom and why. Citing, Dewey v. University of New Hampshire, 694 F.2d 1, 3 (1st Cir. 1982), cert. denied 103 S.Ct. 2121 (1983).
Relying on Dewey, the court in Jones held that a § 1983 plaintiff must aver objectively and with particularity the facts that support plaintiff's civil rights claim, must demonstrate personal liability, and must state specifically how each defendant was involved in the deprivation.
The instant complaint fails to set forth "minimal facts" as to what the individual defendants did or failed to do in their alleged personal capacities that caused plaintiffs' alleged deprivation. The mere allegation that the individual defendants "implemented" the payment of certain retirement benefits pursuant to legislative directives does not constitute a well-pleaded cause of action under § 1983. Nor does the averment regarding unspecified "administrative actions" meet the minimal factual requirements. Under the particularity requirement of § 1983, "the plaintiff must state specifically how each defendant was personally involved in the deprivation." Jones v. State of RhodeIsland, 724 F. Supp. 25, 31 (D.R.I. 1989), (quoting DelSignorev. City of McKeesport, 680 F. Supp. 200, 203 (W.D. Pa. 1983)). Here, the skeletal set of boilerplate allegations set forth in this complaint does not adequately state a § 1983 cause of action against the individual defendants.
In addition to the particularity requirement, the Court must determine whether the individual defendants are "persons" within the meaning of the statute. In Will v. Michigan, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), the Court held that neither states nor state officials acting in their official capacities are "persons" within the meaning of § 1983 and therefore not subject to suit. Here, plaintiffs in counts IV and V allege administrative actions by the individual defendants. When state officials are sued in their individual capacity under § 1983, the "court must consider whether the plaintiff is truly suing the state — namely the State actor only or an agent or representative of the state — or whether the alleged violation resulted from specific acts or decisions of the named official."Gallipeau v. Berard, 734 F. Supp. 48, 51 (D.R.I. 1990). The test for distinguishing between individual and official capacity is whether the complaint alleges that a state official "acted either outside the scope of his respective office or if within the scope, acted in an arbitrary manner, grossly abusing the lawful powers of his office." Scheuer v. Rhodes, 94 S.Ct. 1683, 1686 (1974); see also, Jones v. State of R.I.,724 F. Supp. 25, 29 (D.R.I. 1989). Pursuant to the holding in Will, a negative response to either of the above situations causes the suit to be barred. Gallipeau at 51.
In Scheuer v. Rhodes, 94 S.Ct. 1683 (1974), the court denied a motion to dismiss a claim against the individual defendant involving a plaintiff who explicitly alleged that the individual defendant acted either outside the scope of his respective office or if within, in an arbitrary manner, grossly abusing the lawful powers of office, and where plaintiffs asserted facts to support their allegations. Likewise, inJones, the court found that a complaint sets forth sufficient allegations of personal conduct when the complaint alleges with particularity the factual predicate which demonstrates that each of the individual defendants acted willfully, knowingly, purposefully and with malice to deprive the victim of his constitutional rights. Furthermore, the court in Jones found the complaint sufficient where it stated explicitly that each of the defendants acted outside the scope of his authority.
In the instant case, plaintiffs assert no facts that demonstrate that they are seeking to impose individual or personal liability on the individual defendants for the alleged deprivation. Plaintiffs use the term "administrative action" and "implementation of the Retirement System" as conclusory characterization without specifications as to how defendants used their powers generally with respect to various governmental bodies to plaintiffs' prejudice. The words "administrative actions" and "implementation of retirement system" presented as they are here without additional factual information, connote the carrying on of official responsibilities. The complaint lacks any factual allegations of personal conduct. The complaint neither states nor demonstrates by way of factual background, how or whether any of the individual defendants acted either outside the scope of their respective offices or, if within the scope, acted in an arbitrary manner, grossly abusing the lawful powers of office.
Accordingly, based on the findings above, counts IV and V are dismissed.
THE COURT'S TREATMENT OF THE MOTION TO DISMISS
At this time the Court finds it necessary to clarify its treatment of the present motion. As was suggested by plaintiffs' counsel in their memorandum and at the hearing on the motion, defendant's Rule 12(b)(6) motion may be converted into a Rule 56 motion as it was accompanied by the filing of an affidavit by defendant DiPrete. However, Rule 12(b) states that when "matters outside the pleadings are presented to and not excluded bythe court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." (emphasis added). The decision to consider matters outside the pleadings is within the discretion of the trial judge. Palazzo v. Big G.Supermarkets, Inc., 110 R.I. 242, 292 A.2d 235 (1972). Moreover, the trial justice is not obligated to consider affidavits or other matters outside the pleadings offered by the parties but must make the record clear as to how the motion was treated.Bethlehem Rebar Industries, Inc. v. Fidelity and Deposit Co ofMd., 582 A.2d 442 (R.I. 1990); Menzies v. Sigma P. AlumniAss'n, 110 R.I. 488, 294 A.2d 193 (1972). Here, the Court in its determination of defendants' present motion did not consider the affidavit of defendant DiPrete, nor did the Court consider the material contained in plaintiffs' supplemental memorandum and attached exhibits concerning the possible factual elements of a § 1983 complaint. Therefore, this Court has treated the instant motion as solely one to dismiss.
II. The Motion to Dismiss Count VI
Defendants further contend that plaintiffs have failed to state, in count VI, a cause of action under the Rhode Island Constitution. In the alternative, the defendants have asserted that the count should be dismissed due to their absolute and/or qualified immunity. The Court disagrees.
A Rule 12(b)(6) motion to dismiss is not to be granted unless it appears beyond a reasonable doubt that the plaintiff is not entitled to any relief no matter what state of facts could be proved in support of his claim. Gagnon v. State, 570 A.2d 656
(R.I. 1990). Furthermore, the trial justice in examining the allegations contained in the complaint must resolve all doubts in the plaintiff's favor and accept the allegations in the complaint as true. Ellis v. Rhode Island Public Transit Authority,586 A.2d 1055 (R.I. 1991).
Upon a reading of count VI with the other allegations in the complaint, this Court is satisfied that plaintiffs have stated a proper cause of action under Section 2 of Article I of the Rhode Island Constitution, namely that administrative actions by the individual defendants were in contravention of the Section 2 of Article I requirement that all burdens of the State be fairly distributed among its citizens. In so finding, this Court rejects defendants' argument that no such cause of action exists under the Rhode Island Constitution and that if such action did exist, defendants are protected by the immunity defenses.
While the Rhode Island Supreme Court has not specifically decided whether such a private cause of action exists under Section 2 of Article I of the Rhode Island Constitution, this Court finds it illogical to conclude that such a cause of action does not exist. The court in Jones v. State of Rhode Island,724 F. Supp. 25 (D.R.I. 1989) recites the drafters' intent to create an implicit right to sue state actors for damages for violations of this newly created right. Moreover, the Court finds defendants' contention that plaintiffs are barred from bringing aBivens-type complaint under the Rhode Island Constitution since plaintiffs have also brought suit under § 1983 to be without merit.
The Court is well aware that a Bivens cause of action is subject to numerous limitations.[4] However, here, as inJones, there is no § 1983 type state statute under which plaintiffs may seek relief. Furthermore, there exists no state law prohibiting a cause of action to be implied directly from a provision in the Rhode Island Constitution nor "any special factors counseling hesitation in this area."
Defendant DiPrete's contention that he is entitled to absolute immunity for his legislative actions is correct. However, the Court agrees with plaintiffs' argument that absolute immunity does not apply to defendant DiPrete's or the other defendants' administrative actions. Count VI specifically alleges administrative actions on the part of the individual defendants.
With respect to the defense of qualified immunity, the parties refer the Court to Harlow v. Fitzgerald, 102 S.Ct. 2727 (1982). In Harlow the court stated that ". . . government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow at 2738." Defendants argue that Harlow and its progeny require that insubstantial claims against government officials not proceed to discovery or trial. While Harlow does stand for this proposition, the court in Harlow conditioned this requirement on the resolution of whether "clearly established statutory or constitutional rights" were violated. This Court, being mindful of its duties under Rule 12(b)(6), finds that the complaint states sufficient allegation that, if proven, violate clearly established constitutional rights of the plaintiffs. Therefore, defendants' motion to dismiss count VI is denied.
III. Solomon's, Hickey's and Reilly's Motion to Dismiss Due toImmunity under § 36-8-3.1
The Court rejects the contention of defendants Solomon, Hickey and Reilly in their Rule 12(b)(6) motion that they are immune from liability under § 36-8-3.1 of the R.I.G.L. Such statute provides all members of the retirement board with immunity from suit for negligence based on an official act performed or made in good faith in the course of their duties. Plaintiffs argue that the complaint against these defendants charges intentional acts, not negligence. Notwithstanding the characterization of the allegations as either intentional or negligent, the issue of good-faith presents a question of fact not properly before this Court on a motion to dismiss. Therefore, the motion of defendants Solomon, Hickey and Reilly to dismiss all counts against them is denied.
CONCLUSION
For the reasons herein set out, counts IV and V are dismissed without prejudice. The motion to dismiss count VI is denied, and count VII is dismissed by the consent of the parties.
[1] Plaintiffs in their complaint seek to have the present action certified as a class action pursuant to Rule 23 of the Superior Court Rules of Civil Procedure. The Court declines to decide this matter in conjunction with the present motion.
[2] Defendants are also joined in their motion to dismiss by Intervenors. Said Intervenors' petition for Intervention as party defendants was granted by order of this Court on February 5, 1992.
[3] 42 U.S.C. § 1983 does not create a federal cause of action but is a remedy for the vindication of other federal statutory or constitutional rights. Signore v. City of McKeesport, Pa., 680 F. Supp. 200, 203 (W.D. Pa. 1988), (citing, Carbonell v.Louisiana Dept. of Health Human Resources, 772 F.2d 185, 188 (5th Cir. 1985)).
[4] A Bivens action can be defeated only when "Special factors counseling hesitation in absence of affirmative action by Congress" exists, Yang v. Sturner, 728 F. Supp. 845, 850 (D.R.I. 1990) (citing Bivens v. Six Unknown Named Agents of theF.B.I., 403 U.S. 388, 91 S.Ct. 1999., 29 L.Ed.2d 619 (1971)); or when "Congress has provided an alternative remedy which it [Congress] explicitly declared to be a substitute for recovery directly under the Constitution and viewed as equally effective."Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980) (citing Bivens, 403 U.S. at 397, 91 S.Ct. at 2005).