the motion is denied, then the papers in the case should be returned to us forthwith.

BOURCIER, J., did not participate.

### In re LARA F. et al.

### No. 96–277–Appeal.

Supreme Court of Rhode Island.

Jan. 6, 1997.

Frank Iacono, Jr., E. Greenwich, Anthony E. Angeli, Jr., Providence.

Paula Rosin, Providence, Frances K. Munro.

### ORDER

The father of Lara F. appeals pro se from a Family Court decision suspending his right to visit his seven-year-old daughter, Lara. Like her siblings, Lara was placed in the care, custody, and control of the Department of Children, Youth and Families after the Family Court found that she had been neglected and abused by her parents. Pursuant to Article I, Rule 16 of the Supreme Court Rules of Appellate Procedure, a justice of this court issued an order requiring the parties to show cause why the issues raised in this appeal should not be summarily decided. After reviewing their written submissions and hearing oral argument thereon, we conclude that cause has not been shown and proceed to decide the father's appeal at this time.

Unfortunately, the father failed to provide us with a transcript of the hearing that resulted in the Family Court's suspension of his visitation rights. *See In re Kimberly and James,* 583 A.2d 877, 879 (R.I.1990) ("If the appealing party fails to provide us with a sufficient transcript, we cannot perform a meaningful review and have no choice but to uphold the trial justice's findings."). More-

over, the decision itself does not appear to constitute a final judgment from which an appeal to this court would lie. *See Simmons v. State of Rhode Island,* 119 R.I. 578, 579, 381 A.2d 1045, 1046 (1978) (it is a "jurisdictional defect * * * [to] appeal * * * from the trial justice's decision, rather than from a judgment"). Although these reasons alone are sufficient to warrant denial and dismissal of this appeal, we also note that the father's challenge to the Family Court's decision does not otherwise appear to have merit. Those portions of the record that have been provided to us support the Family Court's decision to suspend the father's visitation rights. *See generally In re John W.,* 682 A.2d 930, 932 (R.I.1996) ("The findings of a trial justice are entitled to great weight and will not be disturbed on appeal unless they are clearly wrong or the trial justice misconceived or overlooked material evidence."). A Family Court justice found that Lara and her siblings had been neglected to the point of abuse and that the father had failed to cooperate with the training and other parental-aid services provided to him. The Family Court also found that the father has limited cognitive abilities and suffers from a psychosis so severe that "[h]is own testimony on the witness stand offered suggestions of paranoia and hallucination." *See generally Lembo v. Lembo,* 677 A.2d 414, 417 (R.I.1996) ("with respect to the credibility of the witnesses, it is the trial justice who has the opportunity to observe the witnesses as they testify and therefore is in a better position to weigh the evidence and to pass upon the credibility of the witnesses than is this court"). Other portions of the record also support the Family Court's findings.

In these circumstances, especially in the absence of any actual transcript of the hearing below, we deny and dismiss the appeal and sustain the decision of the trial justice.