**STATE**

v.

**Edward C. RODRIQUEZ.**

No. 96–395–M.P.

Supreme Court of Rhode Island.

June 2, 1997.

Lauren Sandler Zurier, Providence, for Plaintiff.

Paula Rosin, Janice M. Weisfeld, David A. Levy, Providence, for Defendant.

Present: WEISBERGER, C.J., and LEDERBERG, BOURCIER and FLANDERS, JJ.

## OPINION

PER CURIAM.

This is a petition for certiorari in which the state seeks review of a trial justice's decision to grant the defendant, Edward C. Rodriquez (Rodriquez), a new trial on the basis of alleged jury misconduct. We ordered the parties to show cause why we should not decide this matter summarily. After hearing oral argument and reviewing their submissions, we conclude that the appeal can be decided at this time.

On March 12, 1996, a jury returned a verdict convicting Rodriquez of first-degree robbery of a DB Mart convenience store in Warwick, Rhode Island. Following the verdict, a juror, Janet Oliveira (Oliveira), and an alternate juror, Mary Cabral (Cabral), contacted Rodriquez's attorney and related to him their misgivings concerning their fellow jurors' conduct during the course of the trial, including the deliberations leading to the verdict. They provided the attorney with affidavits setting forth what they claimed had happened in the jury room, and he promptly

moved for a new trial on behalf of Rodriquez. The trial justice conducted an evidentiary hearing and heard testimony from Oliveira, Cabral, and the jury's foreperson, Jane Flanders (Flanders).

Rule 606(b) of the Rhode Island Rules of Evidence codifies the general rule governing any inquiry into the validity of a jury's verdict. *See State v. Hartley,* 656 A.2d 954, 959 (R.I.1995). Rule 606(b) states that

> "a juror may not testify as to any matter or statement [occurring] during the course of the jury's deliberations or to the effect of anything upon his or her or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror."

Rodriquez concedes, and we agree, that the only evidence that might possibly have been competent under Rule 606(b) was the testimony concerning Flanders's alleged visit (while the trial was in progress) to the DB Mart where the robbery occurred. Oliveira testified that Flanders told some of the jurors before deliberations began that she had visited the DB Mart in question to observe the layout of the store and the location of the surveillance cameras. She conceded, however, that Flanders failed to say anything about what she had observed during this alleged visit. Cabral testified that Flanders mentioned that she " 'had to go to the * * * store the other day so [she] stopped into the DB Mart' " and checked out the location of the surveillance cameras and the store's layout. However, like Oliveira, Cabral stated that Flanders did not reveal any further details about her visit to the store. Flanders, on the other hand, flatly denied ever having been to the store.

Although the trial justice failed to make any findings concerning this conflicting evidence, even were we to assume arguendo that Oliveira's and Cabral's testimony should be credited over Flanders's, we do not believe that this evidence would have influenced the decision of an average reasonable juror sitting in this case. *Cf. id.* at 960, 962 (holding that even if an unauthorized view constitutes "extraneous information to which a juror may testify at an evidentiary hearing, there must also be a finding that the information prejudiced" the defendant, adding that "the proper method of determining the prejudicial effect of extraneous information is to consider the probable effect that such information would have on an average reasonable juror"). The evidence before the jury included a videotape of the robbery (taken via a surveillance camera) and photographs showing the layout of the store. Thus, the fact that one juror may have personally observed the location of the surveillance camera and the store's layout is not the type of extraneous evidence that "would probably influence the decision of an average reasonable juror," *id.* at 962, because the jurors were able to determine the location of the video camera and the layout of the store for themselves from the evidence presented.

Unfortunately the trial justice never made any findings concerning the alleged unauthorized view or its possible prejudicial effect. Rather, she granted the new-trial motion on grounds that even Rodriquez admits fall outside the exception specified in Rule 606(b). Because the trial justice failed to follow Rule 606(b) and our application of this rule in *Hartley,* we grant the petition for certiorari, quash the order granting a new trial, remand the papers in this case with our decision endorsed thereon, and direct that a final judgment be entered in accordance with the jury's verdict.

GOLDBERG, J., did not participate.