DECISION
Defendant Sonia Lora is before this Court on her Motion to Set Bail pending appeal pursuant to Rule 46(a)(1) of the Superior Court Rules of Criminal Procedure.
 TRAVEL OF CASE
Defendant was tried and convicted by a jury on June 15, 2001, on Count I of assault with a dangerous weapon in violation of R.I.G.L. § 11-5-2
and on Count II of malicious destruction of property in violation of R.I.G.L. § 11-44-1. On September 6, 2001, Defendant was sentenced on Count I to a ten-year sentence, four years to serve, six years suspended with probation and on Count II to a one-year suspended sentence with probation and restitution. On September 14, 2001, Defendant filed her appeal.
Our Supreme Court, on June 20, 2002, granted Defendant's Motion for Limited Remand for Reconsideration of Defendant's Motion to Reduce Sentence. Following the remand, Defendant filed her Motion to Reconsider the Defendant's Motion to Reduce Sentence and a separate Motion to Set Bail.
On July 17, 2002, this Court convened to conduct a hearing pursuant to the June 20, 2002, Order of the Supreme Court. Defendant, through counsel, passed her Motion to Reconsider the Defendant's Motion to Reduce Sentence and requested that she be heard on her Motion to Set Bail. This Court sua sponte raised the issue of its jurisdiction to entertain the Motion to Set Bail as the June 20, 2002 Order of the Supreme Court expressly stated the parameters of the limited remand. After hearing argument from Defendant as to the jurisdiction of this Court to consider Defendant's Motion to Set Bail and without objection by the State, this Court proceeded to do so.
At the hearing on July 17, 2002, the State was unable to orally respond to arguments presented on behalf of Defendant. This Court, being mindful of the express requirement in Rhode Island Supreme Court Appellate Procedure, Article 1, Rule 9, "Release in criminal cases" that ". . . if the trial court refuses release pending appeal, or imposes conditions of release, it shall state in writing the reasons for the action taken, . . .", granted the parties the right to file written arguments by August 9, 2002.
Defendant, on July 18, 2002, filed in our Supreme Court her Motion to Expand the Limited Remand which was granted by that Court on July 22, 2002.
 DISCUSSION
Defendant argued orally and the State, in writing, agrees that if any jurisdictional bar existed to this Court hearing Defendant's Motion to Set Bail that our Supreme Court clearly expanded this Court's jurisdiction to do so in its Order of July 22, 2002.
At the hearing on July 17, 2002, this Court sua sponte raised the timing of Defendant's Motion to Set Bail. Defendant never requested, prior to July 8, 2002, that she be granted bail pending her appeal. Defendant argues Super. R.Crim.P. 46(a) has no time limitations as to when a defendant may file such a motion. The State, while it questions the wisdom of the timing in filing this motion and because of the timing urges that the burden upon Defendant should be increased, agrees that no written case exists imposing a strict time restriction on Defendant's motion. The State provided no legal authority for its request for a higher standard and this Court will not create a higher standard that does not presently exist.
Defendant recognizes that Super. R.Crim.P. 46(a)(1) leaves to the discretion of the court whether to grant bail pending appeal. To that end, Defendant submits that under the factors for bail expressed in Statev. Abbott, 113 R.I. 430, 322 A.2d 33 (1974), she should be granted bail pending appeal. The State agrees that the factors in State v. Abbott
control this Court's decision. Not surprisingly, the State argues that consideration of the Abbott factors should result in a denial of Defendant's request for bail pending appeal.
In State v. Abbott, the court determined four factors should be evaluated when considering release on bail pending appeal: "(1) whether the appeal is taken for delay or in good faith on grounds not frivolous but fairly debatable; (2) the habits of the individual regarding respect for the law insofar as they are relevant on the question of whether an applicant's release would pose a threat to the community; (3) local attachments to the community by way of family ties, business or investment; (4) the severity of the sentence imposed, and circumstances relevant to the question of whether a defendant would remove [them]selves from the jurisdiction of the court." 133 R.I. at 432, 322 A.2d at 35.
Factor (1): Defendant expects[1] to raise three issues: (a) that over defense objection a diagram was admitted into evidence that did not accurately represent the scene as it appeared on the date of the incident; (b) Defendant's Motion for New Trial should have been granted based on the lack of credibility of the State's witnesses at trial; and (c) the timing of the jury's decision ? that perhaps the jurors felt compelled to rush into a decision without making their own independent evaluation of the facts.
As the State argues in response, if a diagram was incorrect, it was subject to cross-examination and rebuttal in Defendant's case. Defendant cites no authority to support her claim that an appeal, based solely on the type of evidence admitted, had been grounds for reversal. If such evidence was admitted over Defendant's objection it usually would have been subjected to the harmless error test on appeal. This Court is not persuaded that this argument is fairly debatable on appeal.
As to the second expected issue on appeal, the evidence offered by the State at trial did not rely solely upon the complaining witness. The State offered, in addition to the testimony of the victim Candita Santana, the testimony of an independent witness, Christopher Gorman, as to the lead charge of assault with a dangerous weapon. His testimony corroborated the testimony of Candita Santana. Defendant offered self-defense as her defense and the jury was so instructed. While Defendant had the right to raise the lack of credibility of the State's witnesses and the denial of her Motion for New Trial as an appellate issue, to say that it is a fairly debatable one, in this Court's opinion, is a stretch.
As to the last ground for appeal, Defendant has cited no authority to support her claim. As stated in her memorandum, Defendant speculates that perhaps the jurors felt compelled to rush their decision. In its memorandum, the State indicated that at oral argument in support of the remand there was some concern regarding a note from the jury shortly before they returned their verdict. No evidence has been offered in support of this claim at Defendant's Motion for New Trial. Indeed, as the States argues, Rule 606(b) of the Rules of Evidence would appear to foreclose any attempt to make such inquiry.
Rule 606(b) of the Rules of Evidence provides in part:
 "[a] juror may not testify as to any matter or statement [occurring] during the course of the jury's deliberations or as to the effect of anything upon his or her or any other juror's mind or emotions as influencing the juror to assent or to dissent from the verdict . . . or concerning the juror's mental processes in connection therewith, . . . ." State v. Rodriquez, 694 A.2d 1202 (R.I. 1997).
The exception to this rule, extraneous information improperly being brought before the jury as in State v. Hartley, 656 A.2d 954 (R.I. 1995), has not been raised in this matter.
This Court cannot agree that Defendant expects to raise fairly debatable issues on appeal which should weigh in favor of her release on bail pending said appeal. Further, as Defendant has yet to submit her Pre-Briefing Statement, it appears that the appeal is taken for the purposes of delay.
Factor (2): Defendant argues that the events leading up to these charges and the conviction are the only encounter she has had with law enforcement in either Rhode Island or Massachusetts since she came to live the United States in 1985. In response, the State concedes Defendant has no prior contacts with law enforcement authorities in Rhode Island. However, the State has attached to its memorandum, records which suggest Defendant had three prior contacts with Massachusetts authorities. A review of those prior contacts demonstrates that all involved minor motor vehicle violations (compulsory insurance violation, attaching wrong motor vehicle plates). The State concedes as much.
The Massachusetts violations in and of themselves do not, in this Court's opinion, demonstrate Defendant's lack of respect for the law. The argument that Defendant, since she has been incarcerated, has been a model prisoner is irrelevant in this matter. Those arguments should be reserved for the Parole Board if Defendant's appeal is denied.
Factor (3): Defendant unquestionably has family that resides in and attends schools in the State of Rhode Island. Defendant's family members were present and supported her throughout the trial and post-trial proceedings. The length that Defendant has resided in Rhode Island, however, becomes an issue. According to calculations by the State, Defendant has only resided within the State of Rhode Island for approximately five years out of the approximate 16 years Defendant has lived in the United States. Although the other state of Defendant's residence in the United States has been Massachusetts, leaving the jurisdiction of Rhode Island to Massachusetts can be done with relative ease. Further, the State argues that Defendant is not a citizen of the United States and, if the conviction becomes final, Defendant is subject to deportation. These factors are compelling. Defendant's ties to Rhode Island are not so substantial that she would be unlikely to flee if released on bail.
Defendant has previously presented, and this Court has considered, the incurable disease suffered by her son. Defendant previously presented, and this Court considered, that Defendant's elderly mother, who suffers from diabetes, had been placed in the position of caring for her grandchildren. The health problems suffered by members of Defendant's family are unfortunate. However, the health problems were in existence when Defendant engaged in the conduct that led to her conviction. The health problems of her family were not considered a factor in Defendant's decision to assault Candita Santana. The health problems of Defendant's family do not persuade this Court that Defendant's ties to the community are strong.
Factor (4): The sentence imposed ? ten years with four to serve, six years suspended with probation ? is not, as the State argues, exceptionally severe; nor is the sentence a light sentence. The sentence is at the bottom of the "Benchmark" range of sentence for felony assault resulting in serious injury.[2] It is unlikely that Defendant would complete her sentence to serve before the court rules on her appeal. As discussed above in Factor (3), Defendant's ties to Rhode Island are relatively shallow. Defendant presumably is aware that she faces deportation if her appeal is denied and the conviction becomes final. InState v. Norman Jacques, 514 A.2d 1028, that defendant had essentially the same sentence and substantial ties to the community, yet he was denied bail by the trial court, pending his appeal. On appeal, the court sustained that decision.
 CONCLUSION
After consideration of all the factors from State v. Abbott, this Court is not persuaded that Defendant should be granted bail pending her appeal. Defendant's Motion for Bail Pending Appeal is denied.
[1] In Defendant's Memorandum filed on July 29, 2002, it states appellate counsel "expects to submit Ms. Lora's Pre-Briefing Statement to the Rhode Island Supreme Court within the next few weeks." According to the docket sheet in the Rhode Island Supreme Court, in this matter, on September 23, 2002, Defendant's Motion to Extend filing the pre-briefing notice was granted allowing the filing by October 23, 2002.
[2] Sentencing Benchmark Number 10. 1998 Updated Superior Court Sentencing Benchmarks.